ATLANTIC COAST LINE RAILROAD COMPANY, A CORPO-RATION, *Plaintiff in Error,* v. STELLA DEES, JOINED BY HER HUSBAND, WILLIAM E. DEES, *Defendants in Error.*

1. Section 3151 of the General Statutes of 1906, relating to the physical examination of the injured party in all actions brought in the courts of this State to recover damages for personal injuries alleged to have been sustained, makes it discretionary with the trial court to require such examination, and an order of such court denying the motion or application of the defendant for such physical examination will not be disturbed by an appellate court, unless an abuse of discretion is clearly made to appear.

2. Where an application is made by the defendant for the physical examination of the plaintiff, in an action brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, under section 3151 of the General Statutes of 1906, prior to the trial of the case or before any evidence has been adduced, and the trial court refused such application, without prejudice, however, to renew the same during the trial, thereby evincing a willingness to grant the same if it was made to appear to be necessary to ascertain the real condition of the plaintiff, and such application was not subsequently renewed during the trial, the court may well have concluded that the defendant abandoned it. In such a case no abuse of the discretion expressly vested in the trial court by such statute has been shown. Valid reasons which do not appear in the transcript may have existed why such physical examination should not have been made at the time it was applied for.

3. Where a witness, who has been introduced on behalf of the plaintiff in an action brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, has testified that he is a physician engaged in general practice, has resided in a certain designated town in the State for four years and that the plaintiff has been his patient for some months past, a proper and sufficient foundation has been laid to warrant the witness being permitted to testify as to what symptoms he found when he was first called to see such patient.

4. When a witness is offered either as an expert or a skilled witness, it is for the trial court to determine whether or not the witness has been shown to possess the requisite qualifications and special knowledge to warrant his so testifying, and the decision of such trial court is conclusive upon this point, unless it appears from the transcript to have been erroneous, or to have been founded upon some error in law.

5. Where an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if subsequent instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein.

6. In determining the correctness of charges and instructions, they should be considered as a whole, and, if as a whole, they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail.

7. It is the duty of a party resorting to an appellate court to to make the errors complained of clearly to appear, if they in truth exist, every presumption being in favor of the correctness of the rulings of the trial court. Unless the error assigned is so glaring or patent that no argument is needed to demonstrate it, counsel should call the attention of the court to the specific grounds upon which the error is based, stating his reasons therefor and citing the authorities relied upon to support the same.

8. In an action brought by a passenger against a railroad company to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, and such passenger was, at the time the injuries were received, suffering from some disease or illness which tends to aggravate the injuries, such passenger's previous infirmity will not excuse the defendant carrier from answering in damages to the full extent of all the injuries caused by such negligence, and the fact that such carrier was not informed of the passenger's condition will make no difference.

9. A requested instruction, even though it may embrace correct legal principles, is properly refused, when such principles have been fully covered by other instructions or charges given in the case.

10. Where one of the grounds of the motion for a new trial is that the amount of the verdict is excessive, and the trial court has denied such motion, in passing upon an assignment predicated thereon, an appellate court will not disturb the verdict on such ground, unless the amount is such as to shock the judicial conscience or as to indicate that the jury must have been unduly influenced in some way, or swayed by passion or prejudice.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hernando County.

The facts in the case are stated in the opinion of the court.

R. A. Burford and G. C. Martin, for plaintiff in error;

Davant & Davant, for defendants in error.

SHACKLEFORD, C. J.—This is an action instituted by the defendants in error against the plaintiff in error, in the circuit court for Hernando county, seeking to recover damages for personal injuries received by Stella Dees, one of the defendants in error, alleged to have been occasioned by the negligence of the plaintiff in error. A trial was had before a jury, which resulted in a verdict in the sum of $2,500.00, in favor of the plaintiffs. The defendant seeks to have the judgment entered thereon reviewed and tested here by writ of error, returnable to the present term.

The amended declaration contains two counts, to which the defendant filed the plea of not guilty, upon which the plaintiffs joined issue. Before pleading to the amended declaration, the defendant had interposed a demurrer thereto, which was overruled and which ruling forms the basis for the first assignment. It is, however, expressly abandoned here, and we do not set forth the declaration, as no point is made thereon.

The second assignment is that "the court erred in overruling and denying the defendant's petition or motion for an order requiring the plaintiff, Stella Dees, to submit to a physical examination made on the 16th day of April, A. D. 1907."

We find that the issues in the case were made up on the 9th of March, 1907, and, according to the bill of exceptions, that at the spring term of such court, on the 16th day of April, 1907, the defendant filed a motion for an order requiring the plaintiff to submit to a physical examination, but, so far as is disclosed, no order was made thereon, and, in the absence of an order denying the same and an exception noted thereto, there is nothing upon which to predicate error, hence this assignment must fail. The bill of exceptions shows the following proceedings:

"Now comes the defendant by its attorneys, R. A. Burford and G. C. Martin, and moves the court for an order requiring Mrs. Stella Dees, the plaintiff in the case, to submit to such physical examination of her person as shall be reasonably sufficient to determine her physical condition at the time of trial, and the nature and extent of the alleged injuries she claims to have received, as alleged in the amended declaration. R. A. Burford & G. C. Martin, attorneys for the defendant.

And at the fall term of said circuit court, to-wit: on November 11th, 1907, said motion was renewed and again presented, and thereupon, on the 19th day of November, 1907, during a term of said court, said motion came on to be heard, and the court thereupon made the following order, denying said motion. This cause coming on to be heard on motion of defendant's attorney on the preliminary call of the civil docket for an order for a physical examination of the plaintiff, and the same having been considered by the court, and the court being advised and no facts or circumstances are shown from which it is made to appear that it is necessary for such examination to be made, when it is considered and ordered that said motion be denied without prejudice to renew the same, if it is made to appear that the same is necessary or expedient in the trial of said cause, and the defendant excepts. In open court Brooksville, November 19th, 1907. W. S. Bullock, Judge. To which ruling of the court the defendant then and there excepted.

At the spring term of the said court at which the said cause was tried, the said defendant, on the preliminary call of the civil docket, to-wit: on April 21st, 1908, again renewed the said motion for an order requiring a physical examination of the plaintiff, in the words of said original motion. Thereupon the court again denied said motion in the words of the original order, of date No-

vember 19th, 1907. To which ruling of the court the defendant then and there excepted."

Upon these two rulings are based the third and fourth assignments which may conveniently be treated together. The right of the defendant, in an action brought to recover damages for personal injuries to insist upon a physical examination of the plaintiff in order to determine the nature, character and extent of such injuries and the power of the trial court to require such examination has been the subject of much controversy in the courts and the authorities are conflicting. See 4 Wigmore's Evidence, section 2220, especially the numerous authorities collated in note 9 on page 3022, *et seq.*, and the later cases given in note 9 of the same section in vol. 5, the supplementary volume, found on page 222. Also see Watson's Damages for Personal Injuries, section 655. We have examined quite a number of authorities bearing upon the subject, but it is unnecessary for us to go into any extended discussion, for the reason that, unlike most of the other jurisdictions, we have a statute regulating the matter, section 3151 of the General Statutes of 1906, which is as follows:

"3151. Examination of injured party in personal damage cases.—In all actions brought in the courts of this state to recover damages for personal injuries alleged to have been sustained, it shall be discretionary with the trial court, upon motion of the defendant, to require the injured party, if living, either before or at the time of the trial of the cause, to submit to such physical examination of his or her person as shall be reasonably sufficient to determine physical condition at the time of trial and the nature and extent of the alleged injuries. The physical examination provided shall be made by a physician to be named by the court in the presence of one or more physicians or attendants of the

injured party, if the party so desires. The compensation of the examining physician shall be fixed by the court in each particular case, and shall be in the first instance paid by the party petitioning for such examination but shall be taxed up as a part of the costs of the case subject to the final disposition of the same."

This statute seems never to have been construed by this court, but we find that it was originally enacted in 1899, forming chapter 4719, and that in the title thereof it was referred to as "An Act to Require in the Discretion of the Trial Court," &c. As is said in section 655 of Watson's Damages for Personal Injuries: "The general rule is that the defendant has no absolute right to insist upon a physical examination of the plaintiff, the granting or refusal of a motion or application for an order of court requiring the plaintiff to submit to such an examination, resting in the sound discretion of the trial judge. From all of which it results that, as in other matters discretionary with trial tribunals, an appellate court will not interfere except in cases of manifest abuse of discretion." This principle has often been recognized and applied by this court in regard to the exercise of judicial discretion by trial judges. See Wilson v. Johnson, 51 Fla. 370, 41 South. Rep. 395, and authorities there cited; Adams v. State, 55 Fla. 1, 46 South. Rep. 152; Stearns & Culver Lumber Co. v. Adams, 55 Fla. 394, 46 South. Rep. 156. If this principle is applicable, even in the absence of a statute, as the above cited authorities hold, there can be no doubt as to its applicability in the instant case, since the law-making power has especially lodged the granting of such an order within the discretion of the trial court, and a clear abuse of such discretion must be made to appear to an appellate court in order to warrant it in disturbing an order denying such application. Other jurisdictions have so held, even

in the absence of any statute upon the subject, as an examination of the authorities cited in note 4 to that portion of section 655 of Watson's Damages for Personal Injuries, which we have copied above, and in note 9 to section 2220 of Wigmore's Evidence, to which we have referred, will show.

As will be observed from the first order made by the trial court, which we have copied above, upon the application for an order for such physical examination of plaintiff, it was stated therein that no facts or circumstances had been shown from which it was made to appear that such examination was necessary, therefore it was denied, but without prejudice to renew the same upon a proper showing. No abuse of discretion is made to appear here. At that time, so far as is disclosed by the transcript, all that the court had before it was the application for such order, which we have copied above, and the pleadings. The defendant in its brief contends that it was entitled to the granting of the order for such physical examination because the amended declaration alleged that "Plaintiff, Stella Dees, was grievously bruised, wounded, hurt and injured, enduring therefrom great bodily pain and suffering and mental anguish," and urges, in support of this contention, "the defendant had no means of determining the extent, nature and character of the alleged injuries, except as the same might be revealed by a physical examination." This position is not tenable. Such an order as that in the instant case was made by the trial court, which was upheld and approved by the Supreme Court, in Sidekum v. Wabash, St. L. & P. Ry. Co., 93 Mo. 400, text 403, 4 S. W. Rep. 701. Also see the clear and forceful reasoning in the opinion rendered by Mr. Justice McCLELLAN in Alabama G. S. R. Co. v. Hill, 90 Ala. 71, 8 South. Rep. 90, where the cited Missouri case is approvingly

VOL. 56, JUNE TERM, 1908.     135

Atlantic Coast Line R. Co. v. Dees, et al.—Opinion of Court.

referred to and other authorities are reviewed. The bill of exceptions further discloses that at the term of court at which the case was tried, on the preliminary call of the docket, the defendant renewed its motion, which was denied by the court in the words of the original order. Here again the defendant has failed to show any abuse of discretion. As was well said in Fullerton v. Fordyce, 121 Mo. 1, text 10, 25 S. W. Rep. 587, "there may be reasons which do not appear on this record why an examination should not have been made at the time it was applied for, and we are unwilling to say that the court abused its discretion in declining to make the order." The defendant was given an opportunity by the wording of the order of denial of renewing such application at any time during the trial, if it thought it advisable to do so, but, so far as is disclosed to us, it did not avail itself of this privilege. The following language from the opinion rendered in Sidekum v. Wabash, St. L. & P. Ry. Co., 93 Mo. 400, text 405, 4 S. W. Rep. 701, is very much in point: "The action of the trial court upon such motion, as we have seen, was merely a refusal to grant the same for the time being, and, as defendant did not again renew its application for such order, at any other stage of the proceedings, the court may have well concluded that, after hearing the said evidence in the cause introduced by plaintiff, including that of Dr. Bane, which we have given in substance, defendant did not deem it necessary to renew its motion, or to insist thereon, but had abandoned the same." This language was quoted and approved in Alabama G. S. R. Co. v. Hill, 90 Ala. 71, text 78, 8 South. Rep. 90, text 92. The following additional authorities will also be found to throw light upon the point: Richmond & D. R. Co. v. Childress, 82 Ga. 719, 9 S. E. Rep. 602; Owens v. Kansas City, St. J. & C. B. R. Co., 95 Mo. 169, 8 S. W. Rep. 350; O'Brien v. City

136    SUPREME COURT OF FLORIDA,

Atlantic Coast Line R. 'Co. v. Dees, et al.—Opinion of Court.

of LaCrosse, 99 Wis. 421, 75 N. W. Rep. 81; Smith v. City of Spokane, 16 Wash. 403, 47 Pac. Rep. 888. Also see 14 Cyc. 364 *et seq.* These assignments must fail.

The fifth assignment is based upon the overruling of the defendant's objections to the following questions propounded to Dr. Samuel C. Woods, a witness for plaintiffs: "what symptoms did you find, doctor?" We find that the grounds of objection interposed to this question were as follows:

"1.    Because no proper foundation has been laid.

2.    Because it does not appear from the examination of the witness, so far, that he is qualified as an expert, if the testimony is offered for that purpose.

3.    Because the examination of the witness, so far, has not developed his capacity and knowledge of the matters inquired about."

When this question was propounded to the witness, he had already testified that he was a physician engaged in general practice, had resided at Webster, Fla., for four years and that Mrs. Dees had been his patient since the 30th day of April, 1907, at which time he was first called to see her. Sections 1165, 1166, and 1167 of the General Statutes of 1906, contain the provisions regulating the granting of certificates to physicians entitling them to practice medicine in this state and section 3611 of such statutes makes it a crime for any one to practice medicine without having obtained such certificate and fixes the punishment for a violation thereof. If the witness was not a practicing physician or entitled to practice medicine under the statutes of this state, the defendant could have established that fact either by cross-examination of the witness or by the introduction of other evidence. This likewise applies to the skill, qualifications and experience of the witness. We do not understand from what is disclosed in the bill of exceptions that the witness was of-

fered as an expert. At any rate, the question so objected to did not call for the expression of an expert opinion from the witness but simply for a statement of fact as to what he found the symptoms to be. Whether he was offered as an expert or skilled witness, it was for the trial court to determine whether or not the witness had been shown to possess the requisite qualifications and special knowledge to warrant his so testifying, and the decision of such trial court is conclusive upon this point, unless it appears from the transcript to have been erroneous, or to have been founded upon some error in law. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Schley v. State, 48 Fla. 53, 37 South. Rep. 518; Davis v. State, 44 Fla. 32, 32 South. Rep. 822. Also see 1 Wigmore's Evidence, §§ 551, 569 and 687. Defendant cites in support of its contention Vol. 5 of Ency. of Ev. 523 and 524 and relies especially upon the following quoted passage from page 524:

"The admissibility of expert testimony rests, to a large extent, in the discretion of the court, but this does not mean that the court may arbitrarily admit or exclude such testimony, but merely that the court may exercise a sound judicial discretion in each case in applying rules of law governing the admissibility of such testimony. The court will exclude testimony which is manifestly unreliable; and will not allow an expert to answer absurd and useless questions."

We find nothing in this quoted passage in conflict with the principle enunciated by this court. As a matter of fact, the witness was cross-examined at some length by the defendant, and we do not find that any motion was made to have any of his testimony stricken out by reason of his lack of qualifications, skill or experience to testify as a physician or to answer the different questions propounded to him.

Assignments from the sixth to the thirteenth inclusive are all based upon the overruling of objections interposed by the defendant to different questions propounded by the plaintiffs to this same witness, Dr. Woods. In its brief defendant states that practically the same grounds of objection were urged to these respective questions as those we have copied above in treating the fifth assignment, and the argument made in support of such assignment is "adopted to avoid repetition." An examination of the bill of exceptions shows that the statement as to the grounds of objection is correct, and what we have said in disposing of the fifth assignment applies with equal force to these assignments. We are convinced from a careful reading of the entire testimony of Dr. Woods, both his direct and cross-examination, that these contentions of the defendant are not well founded and that the assignments are without merit.

The court gave to the jury the first instruction requested by the plaintiffs, to a portion of which the defendant excepted and which is as follows:

"First. If it shall appear from the evidence that the plaintiff, Mrs. Stella Dees, was injured upon the train of the defendant company as alleged in the declaration, you will find for the plaintiffs, unless it shall apear from the evidence that the agents of the said defendant had exercised all ordinary and reasonable care and diligence, the presumption being against the defendant, and the burden of proving such care and diligence resting upon the defendant. To the giving of that portion of which said charge reading as follows: 'The presumption being against the defendant,' and without giving any direction to the jury as to when and under what circumstances the presumption would cease, the defendant did then and there except."

This forms the basis for the fourteenth assignment.

The defendant relies upon the case of Atlantic Coast
Line R. R. Co. v. Crosby, 53 Fla. 400, text 470 and 473,
43 South. Rep. 318, text 339, 340, contending that the
instruction so excepted to in the instant case is infected
with the same vice which characterized the first charge
given by the court of its own motion in the cited case.
To this contention we cannot agree.  A comparison of
the instruction in the instant case and the charge in the
cited case will readily disclose the points wherein they
differ. As was also held in the cited case, where an instruc-
tion, as far as it goes, states a correct propositon of law,
but is defective because it fails to qualify or explain the
proposition it lays down in consonance with the facts of
the case, such defect is cured if subsequent instructions
are given containing the required qualifications or ex-
ceptions.    It is not required that a single instruction
should contain all the law relating to the particular sub-
ject treated therein.   See also to the same effect, Lewis
v. State, 55 Fla. 54, 45 South. Rep. 998.   As was also
held in Atlantic Coast Line R. R. Co. v. Crosby, *supra,*
in determining the correctness of charges and instruc-
tions, they should be considered as a whole, and, if as a
whole, they are free from error, an assignment predi-
cated on isolated paragraphs or portions, which, standing
alone, might be misleading, must fail.   Also see author-
ities there cited; Davis v. State, 54 Fla. 34, 44 South.
Rep. 757; Atlantic Coast Line R. R. Co. v. Beazley, 54
Fla. 311, 45 South. Rep. 761; Cross v. Aby, 55 Fla. 311,
45 South. Rep. 820; Lewis v. State, 55 Fla. 54, 45
South. Rep. 988; Johnson v. State, 55 Fla. 41, 46 South.
Rep. 174.   On examination, we find that in the charges
given by the court of its own motion numbered from 2
to 7 inclusive, which we do not consider it necessary to
copy herein, the jury seems to have been so fully in-
structed as to the effect of our statute, formerly section

1 of Chapter 4071 of the laws of 1891, but now section 3148 of the General Statutes of 1906, that we do not see how the jury could have well been confused or misled by the instruction of which complaint is made, even though it may not have been full and complete within itself. Construing it in connection with the other charges and instructions, no error has been made to appear to us. Nothing said in Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1, also cited to us by the defendant, is in conflict with the principles above enunciated.

The fifteenth, sixteenth and seventeenth assignments are all based upon the thirteenth instruction given to the jury, at the request of the plaintiffs, as to which the bill of exceptions shows the following:

"Thirteenth. If you find for the plaintiffs, you will, in computing the amount of their damages, consider the injuries which she sustained at the time of the wreck, with all injuries and maladies naturally resulting therefrom, and also the fear and mental anguish which the plaintiff Stella Dees experienced at the time of the wreck, and also amounts which the plaintiffs have paid for medical attendance and nursing and for medicine, and for hired help, and also such expense as from the evidence appears to be necessary to restore the plaintiff Stella Dees to her ordinary degree of health. To the giving of which said charge the defendant then and there excepted. And the said defendant did then and there specially object and except to the giving of that portion of the 13th charge reading as follows: 'and also amounts which the plaintiffs have paid for medical attendance and nursing, and for medicine and for hired help.' And the said defendant did further then and there except to the giving of that portion of the 13th charge reading as follows: 'and also such expenses as from the evidence ap-

VOL. 56, JUNE TERM, 1908.        141

Atlantic Coast Line R. Co. v. Dees, et al.—Opinion of Court.

pears to be necessary to restore the plaintiff Stella Dees
to her ordinary degree of health.' "

Plaintiffs and defendant have discussed these assign-
ments together, and we shall do likewise. The argument
made by the defendant in support of these assignments
is slight, and, therefore, we do not feel called upon to
enter into any extended investigation concerning them.
We have repeatedly held it is the duty of a party re-
sorting to an appellate court to make the errors com-
plained of clearly to appear, if they in truth exist. See
Ropes v. Stewart, 54 Fla. 185, 45 South. Rep. 31, and
Putnal v. State, decided here at the present term, and
authorities there cited. We have also repeatedly held
that, unless the error complained of is so glaring or
patent that no argument is needed to demonstrate it,
counsel should call the attention of this court to the
specific grounds upon which the error is based, stating
his reasons therefor and citing the authorities relied upon
to support the same. See Hoodless v. Jernigan, 46 Fla.
213, 35 South. Rep. 656, and authorities there cited, and
authorities cited in Atlantic Coast Line R. Co. v. Benedict
Pineapple Co., 52 Fla. 165, text 173, 42 South. Rep.
529, text 532. The contention made by the defendant,
as we understand it, is that the instruction permits, even
if it does not direct, the jury, in assessing the amount
of damages for plaintiffs, to consider improper elements
thereof. We cannot agree with the defendant. In com-
puting the amount of damages to which plaintiffs were
entitled, the instruction complained of restricted and
confined the jury to the evidence adduced in the trial of
the case. Construing this instruction in connection with
all the other charges and instructions bearing upon the
same point, as we have already seen that we must do
under the principles so repeatedly ennunciated by this
court, we are clear that the jury must have understood

that they were bound by the evidence. In view of the amount of the verdict rendered, there was certainly no occasion for the jury to take into consideration anything but the evidence, and we have not the slightest reason to think that they were unduly or improperly influenced in any way. If, as contended by the defendant, the evidence did not show what amount of expenditure would be necessary to restore the injured plaintiff to her ordinary degree of health, if there was no evidence upon that point, then the jury could not well have been misled thereby, and at most it was a harmless error. We do not find wherein Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714, and Patterson's Railway Accident Law, page 472, the only authorities cited by the defendant, support or sustain these assignments. See generally section 1251 of vol. 4 of Southerland's Damages (3rd ed.)

The eighteenth assignment is based upon the fifteenth instruction, given at the instance of the plaintiffs, which is as follows:

"Fifteenth. If you should find from the evidence that the plaintiff, Mrs. Stella Dees, was, at the time of the injury, suffering from any physical malady, and that injuries sustained in the wreck testified to contributed to such malady or inflamed the diseased parts, the plaintiff is entitled to recover for the injuries consequent upon such injury."

To support its contention the defendant cites Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661, S. C. 17 L. R. A. 33, and Pensacola & Georgia R. R. Co. v. Nash, 12 Fla. 497, which we have examined but have failed to find their relevancy to the assignment under consideration. As is said in Vol. 3 of Hutchinson's Carriers, section 1432, (3rd ed.), "If the passenger, at the time an

injury is received through the negligence of its carrier, is suffering from some disease or illness which tends to aggravate the injury, the passenger's previous infirmity will not excuse the carrier from answering in damages to the full extent of the injury as affected by such infirmity; and the fact that the carrier was not informed of the passenger's condition will make no difference." Also see chapter XVII of Watson's Damages for Personal Injuries, entitled "Injuries to Persons Diseased, Disordered or in Delicate Health," which contains a full discussion of the subject and refers to numerous authorities; 13 Cyc. 31; 4th Sutherland's Damages, section 1244 (3rd ed.); Moore's Carriers, 883. From the many authorities cited by the above text-writers we select the following: Louisville & N. R. Co. v. Jones, 83 Ala. 376, 3 South Rep. 902; Montgomery & E. Ry. Co. v. Mallette, 92 Ala. 209, 9 South. Rep. 363; City of Roswell v. Davenport,    N. M.   , 89 Pac. Rep. 256; Ross v. Great Northern Ry. Co., 101 Minn. 122, 111 N. W. Rep. 951. This assignment must fail.

The court refused the fourth instruction requested by the defendant, which is as follows:

"4th. If you believe from the evidence that the wreck or accident in this case was caused by an impaired or defective condition of the metal plate on the truck referred to in the testimony, and that the same was a latent defect not known and not capable of detection by the ordinary means of examination, or by the exercise of all ordinary and reasonable care, then the accident would be one which could not have been reasonably anticipated or guarded against, and you should find the defendant not guilty."

Upon such refusal is predicated the nineteenth assignment. We find that the principle of law embraced in this requested instruction was fully covered by other

instructions given at the request of the defendant and in charges given by the court of its own motion, therefore the same was properly refused. Atlantic Coast Line R. R. Co. v. Crosby, *supra,* and authorities there cited.

The twentieth assignment is based upon the overruling of the motion for a new trial. This motion contains thirteen grounds, all of which, however, have already been discussed and disposed of in the consideration of other assignments, except such as question the sufficiency of the evidence to support the verdict, which such grounds are also made the basis for the two remaining assignments, the twenty-first and twenty-second. These three assignments are but lightly argued by the defendant in its brief, which contains a statement to the effect that they would be discussed fully and at length in the oral argument. We listened attentively to this argument from the respective counsel and are of the opinion that the contentions of the defendant were fully met and answered. We see no useful purpose to be accomplished by our entering into any discussion thereof, so content ourselves with referring to what we said in Seaboard Air Line Ry. v. Scarborough, 52 Fla. 425, text 449, 42 South. Rep. 706, text 714, and Atlantic Coast Line R. R. Co. v. Beazley, 54 Fla. 311, text 422, 43 South. Rep. 761, text 796.

Having found no reversible error, the judgment must be affirmed.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.