MARY J. HAUFLER v. PUBLIC SERVICE RAILWAY COM-
PANY.

CHARLES HAUFLER v. PUBLIC SERVICE RAILWAY COM-
PANY.

Argued November 5, 1909—Decided January 13, 1910.

The aggravation of an unsound physical condition, caused by the
negligent act of a defendant, may be properly considered by a
jury in ascertaining the amount of plaintiff's damages.

On rule to show cause.

Before Justices REED, BERGEN and MINTURN.

For the plaintiffs, *Sommer, Colby & Whiting* and *John A.
Bernhard.*

'For the defendant, *Leonard J. Tynan* and *Howard Mac-
Sherry.*

The opinion of the court was delivered by

BERGEN, J.   These cases were argued together, and as the
right to recover in each case depends upon the same testimony,
they will be considered and disposed of as one.

The plaintiff, Mary J. Haufler, wife of Charles Haufler,
was injured while a passenger on defendant's car, and its
liability for such injuries is not questioned.   The wife had a
verdict for $1,500 and the husband for $500.   The defendant,
having been allowed a rule to show cause why the verdicts
should not be set aside, now moves that the rule be made
absolute because it is alleged the verdict in each case is ex-
cessive; contrary to the weight of evidence, and in disregard
of the charge of the court.   The injury was caused by the col-
lision of the car, upon which the wife was a passenger, with
another of defendant's cars, and the question presented is

whether her subsequent physical condition is wholly chargeable to the accident. The testimony shows that previous to the injury the wife was afflicted with a tumor in her womb; that by the collision she was thrown to the floor of the car and thereby received external bruises and other injuries, and that the accident aggravated the tumor, and caused the ligaments and blood vessels by which it was attached to her body to be torn and lacerated, producing unusual hemorrhages. That the disordered physical condition of a person is aggravated, and such disordered condition, because of such aggravation, causes the one injured pain and suffering which she would not have been subjected to except for the negligent conduct of the one who caused the injury, we think is clearly an element to be considered by the jury in ascertaining damages to which the one suing for such injuries would be entitled. If such a condition exists in this case the damages cannot be said to be so excessive as to demand judicial interference. The evidence on this point is contradictory, but there is not a sufficient preponderance either way to warrant the court in saying that the verdicts for the plaintiffs are contrary to the weight of the evidence on this point.

The defendant further urges that the verdicts are contrary to the charge of the court; the parts of the charge pertinent to this objection is, "I feel that it is my duty to say to you, and I do say to you, that you have no right, and there is nothing in the evidence upon which you can predicate damages against this company for this tumor. * * * And I so charge you that any damages you award should not be predicated upon the theory that the company has caused this tumor. There is no evidence from which a sensible man can say that the tumor is the result of the accident. A weak, sympathetic man, without brains, might say so. But I do not see how anybody can consistently and logically say that it is demonstrated that the tumor has any connection at all with this accident. Therefore, you ought to consider it simply as a case where she was thrown to the floor of this car, and was injured, and had to go home and take to her bed, and required

medical aid; and for all the pain and suffering which she endured as the result of that she should be compensated."

This was favorable to the defendant; it took from the jury the question whether the tumor was caused by the accident, and limited them to the consequences resulting from the accident, in which the jury might properly include such pain and suffering as the aggravation of the condition of the tumor produced.

The consideration of this question was not forbidden the jury by the court, for they were only instructed not to rest their verdict upon the theory that the tumor was caused by the accident, and this was proper, for it was not denied that the tumor actually existed prior to the accident.

The rule to show cause will be discharged in each case.