## WILHELM BLOMQUIST v. MINNEAPOLIS FURNITURE COMPANY.[1]

August 19, 1910.

Nos. 16,602—(197).

**Evidence — defective machinery.**
> Evidence *held* sufficient to sustain the finding of defective machinery sole cause of accident.

[1]Reported in 127 N. W. 481.

**Request to charge jury.**

>It is not error to refuse specific requests for instructions, if all are fully covered and substantially contained in the general charge.

**Damage for aggravated condition of sufferer.**

>One suffering from a disease, or predisposition to disease, may recover for the aggravation of such condition caused by another's negligence.

**Charge as to special damages not prejudicial to defendant.**

>When special damages are alleged, plaintiff should be limited in his recovery therefor to the amount alleged. The charge of the court in this action construed not to have prejudiced defendant in this respect.

Action in the district court for Hennepin county to recover $10,000 for injuries sustained while employed by defendant in operating a planing machine in its factory.

The complaint alleged that the machine contained a roller, the function of which was to hold the boards down to be planed that they might not be kicked back when being planed against the operator; that while plaintiff was operating the machine "said rollers" were not sufficiently tight to prevent the boards being planed being kicked back against plaintiff, and he complained to defendant of this condition and declined to work longer with the machine, whereupon defendant pretended to fix the same so that the boards would not kick back against plaintiff, and thereafter notified plaintiff that it was then so fixed that said roller would hold the boards and prevent their being kicked back; and relying upon such notification, plaintiff undertook to operate the machine, and upon the same day the same kicked back a board against plaintiff and inflicted serious personal injuries upon him. The complaint also alleged that on the day of the accident the machine was in a defective condition in this: That the rollers were not sufficiently low down and sufficiently tight, with a sufficient pressure upon them, to hold the boards fed into the machine, by reason of which fact plaintiff was at all times in danger of personal injury in operating the machine; that notwithstanding said fact, within the knowledge of defendant, it negligently furnished the machine in that condition, and it was negligent upon the part of defendant to undertake to fix the machine and fail to do so, and negli-

gent upon the part of the defendant to notify plaintiff it had fixed the machine.

The answer admitted that plaintiff was accidentally struck by a piece of wooden material which he was feeding into the planing machine, but alleged defendant had no knowledge of the extent of the injury and therefore denied that plaintiff was thereby injured in any sum whatever, and specifically denied that the accident and resulting injury were caused by any negligence on its part.

The case was tried before Holt, J., and a jury which returned a verdict in favor of plaintiff for $1,900. From an order denying defendant's motion for judgment in its favor notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Morton Barrows,* for appellant.

*Larrabee & Davies,* for respondent.

O'BRIEN, J.

Plaintiff was employed as feeder upon a planing machine. The machine had two sets of rollers, one in front and one behind the knives. Between each of the knives there was a pressure bar. To operate the machine the feeder inserted between the front rollers the board to be planed, thereupon the board would be caught and carried forward by them, pushed under the pressure bar and against the knives, and finally caught by the rollers in the rear and drawn out from the machine. Plaintiff testified that upon May 18, 1909, he was engaged in feeding small boards to the planer, and during the forenoon a board so fed kicked back; he thereupon informed his boss of the occurrence, and he sent the millwright to examine the machine and remedy any defect; that the millwright did readjust and level the rollers, and then started up the planer, and said, "It is all right; go ahead." Plaintiff continued his work, and in the afternoon of the same day another board kicked back, struck plaintiff upon the right side of his abdomen, and produced the injuries complained of. The complaint claimed the machine to have been defective, in "that the rollers were not sufficiently low down and sufficiently tight, with a sufficient pressure upon them to hold the boards being fed into the machine"; also that the function of the rollers was "to hold the boards

112 M.—10.

down to be planed that they might not be kicked back when being planed." The lower roller, while adjustable, was intended to remain stationary as adjusted. The upper one raised or lowered, depending upon the thickness of the board fed. This upper roller was weighted, so that all pressure upon the board came from it. The lower roller was intended to be one sixty-fourth of an inch above the surface of the metal table. The evidence tended to show that the lower roller would from use become out of level and require readjustment, and that such readjustment was made from time to time by the millwright, who was charged with the duty of keeping the machine in safe condition.

Plaintiff claimed that the blow he received resulted in hernia and appendicitis, necessitating two surgical operations, and rendered him incapable of work up to the time of the trial. He had a verdict for $1,900. Defendant appealed from an order denying an alternative motion.

1. Defendant insists that the evidence is not sufficient to justify a finding that the rollers were defective, or, if they were defective, it was such condition that caused the driving back of the board. It is not disputed that there was evidence which might have a reasonable tendency to show that the lower roller was not properly adjusted or leveled at the time of the accident. This being the case, it was for the jury to say whether or not it was the improper condition of the roller which caused the maloperation of the machine, unless the throwing back of the board was a result which the court is satisfied was physically impossible to cause in the manner claimed. The entire testimony shows that we cannot so hold. Plaintiff's testimony was that he complained of the kicking back of a board in the morning; that as a remedy the millwright leveled up, or attempted to level up, the roller, thus indicating his judgment as to what was necessary to prevent a recurrence. This testimony was disputed, and in addition there was testimony to the effect that, if the lower roller sank, the only effect would be to make the machine feed harder, as the bottom of the board would rest upon the table, instead of the roller. This was for the jury to consider; but it seems clear that, if the roller sank unevenly, a condition would be presented in which very irregular operation might be anticipated.

2. It is urged that plaintiff's claim that the function of the roller was to prevent the boards from being kicked back was erroneous, and that plaintiff's entire theory as to the purpose and condition of the rollers is not supported by any testimony. We cannot agree to this. The rollers were intended to receive the boards and advance them against the knives. In doing so it was necessary that the rollers should hold the board firmly. Regardless of how the accident occurred, we think the complaint correctly stated one function of the rollers. While, as in most accidents occuring in connection with powerful machinery, it is difficult to explain every incident connected with it, we conclude there was evidence which justified the jury in finding the cause of the throwing back of the board was the imperfect adjustment of the rollers.

3. Defendant submitted several requests for instructions, most of which, except that directing a verdict, referred to the questions we have already discussed; i. e. the obligation upon plaintiff to establish the function and imperfect condition of the rollers, the accident from the sole negligence alleged, and the failure by the plaintiff to present any such evidence. Each specific request was refused. We have already said the evidence made a case for the jury. Those requests which limited the plaintiff to recover only if the evidence established the negligence complained of were fully covered in the general charge, and therefore no reversible error is shown. The request for an instruction to the effect that it must appear from the evidence that, if the roller had been properly adjusted, it would have prevented the kicking back of the board, was merely another form of stating that the evidence must show that the board was kicked back because the roller was not adjusted.

4. In addition, error is claimed because of those portions of the charge in which the court instructed the jurors it was their province to say how the plaintiff was hurt, to draw from the facts such conclusions as their reason and experience dictated, and for them to determine upon all the evidence whether any of the negligent acts alleged by the plaintiff and proven by him caused his injury. These instructions must be considered in connection with the entire charge. In that was emphasized the necessity that the evidence show the negli-

gence complained of and that such negligence caused the injury of plaintiff. So considered, we think these instructions to have been affirmatively correct.

5. How far the diseased condition of plaintiff's vermiform appendix was caused by the blow from the board was a subject of dispute. The court instructed the jury, in effect, that plaintiff could recover damages for any aggravation, caused by the blow, of any diseased condition from which he previously suffered. This we also consider affirmatively correct. The testimony upon the part of the plaintiff tended to show the disease was caused by the injury; upon the part of the defendant, that the diseased condition existed before the injury, but might have been aggravated by it. Under all the testimony the jury might well have found that plaintiff's condition was such that a blow of the character received would produce and be the proximate cause of his subsequent illness. This would amount to an aggravation of plaintiff's ailment, and we see no reason why he should not recover damages for any additional injury so sustained.

6. The complaint alleged medical and hospital expenses of $500. The hospital expenses were not disputed. The physician gave the value of his services as from $400 to $500. In charging the jury, the court did not limit the recovery, because of those expenses, to $500, but said the jury might find the reasonable value of the physician's services. The court should have placed a limit of $500 to the recovery of special damages; but we do not think the defendant was prejudiced. We are inclined to agree with counsel for plaintiff that the language of the court would be understood to mean that the jury were at liberty to find the value of the physician's services at less than the amount claimed by him. The damages allowed cannot be taken as showing prejudice or passion, or, under all the testimony, as excessive.

Order denying a new trial affirmed.