## BONK et al. v. WELCH.

### No. 5415.

Circuit Court of Appeals, Seventh Circuit.

June 27, 1935.

James E. Coleman and John S. Barry, both of Milwaukee, Wis., for appellants.

Raymond J. Cannon, of Milwaukee, Wis., for appellee.

Before SPARKS and FITZHENRY, Circuit Judges, and STONE, District Judge.

STONE, District Judge.

This action was brought to recover damages for the death of James G. Welch which occurred on August 11, 1933, as the result of a collision between his automobile and the automobile of appellant John J. Bonk. At the time of the accident the deceased was driving his automobile east on the Illinois State Highway 20 across its intersection with United States Highway 41, near Waukegan, Ill., and appellant's car was proceeding south on Highway 41, which highway was also known as 42-A.

Prior to the 11th day of August, 1933, appellant Fireman's Fund Indemnity Company of California had issued its policy of insurance in Wisconsin, insuring John J. Bonk against loss arising out of the negligent operation of his automobile, and for that reason it was made a party to this action.

The case was tried to a jury, and a verdict was rendered in favor of appellee in the sum of $5,000 and costs.

Appellants contend that the District Court erred in overruling their motions for a directed verdict; to set aside the verdict and grant judgment dismissing the plaintiff's complaint notwithstanding the verdict; and to set aside the verdict and grant a new trial.

At the place of the collision, Highway 41 extends north and south, and intersects at right angles Highway 20. At this intersection both highways are approximately 60 feet wide. Highway 41 widens out to that width at approximately 800 to 1,000 feet north of the north line of Highway 20, and for that distance is a four-lane road. On the west side of Highway 41 at

about where the highway widens out, there was on the day of the accident, a sign which read, "Slow. Junction with Route 20." On Highway 20 at the approach to the intersection, a sign was maintained about 300 feet west of the intersection reading, "Stop. 300 feet junction 42-A," and nearer to the intersection there was another sign reading, "Stop." Near the northwest corner of the intersection there was a gasoline filling station located about 75 to 100 feet north of Highway 20 and about 60 to 75 feet west of Highway 41.

On the day of the accident the deceased, James G. Welch, a resident of Waukegan, Ill., was driving his Nash automobile in an easterly direction on Highway 20 across its intersection with Highway 41, and about the same time and place the Buick automobile owned by the appellant Rev. John J. Bonk was being operated by the appellant's chauffeur, Alfonso Mikulsky, in a southerly direction on Highway 41. Rev. Bonk was seated in the front seat with the driver, and two passengers occupied the rear seat of the automobile. At the time of the collision the only occupant of the Welch car was the deceased. The automobile of the deceased was struck broadside by appellant's car, near the center of the intersection of Highways 20 and 41. Both roads were concrete at the intersections, and each had four traffic lanes.

The appellants contend that the deceased failed to yield the right of way to the Bonk automobile, and failed to stop his automobile before entering the intersection; that such failure was the proximate cause of the collision. The Illinois statute in force at the time of the accident required the driver on a secondary highway to come to a full stop as near the right of way of the preferred highway as possible, and to yield the right of way to cars on the preferred highway. Smith-Hurd Ann. St. Ill. c. 95½, § 39(2, 3); Cahill's Rev. St. Ill. 1933, c. 95a, par. 34 (2) (3). It is admitted that Highway 41 was a preferred, and No. 20 was a secondary, highway. This statute required the decedent to come to a full stop as near the right of way of Highway 41 as possible before entering the intersection. Substantial evidence offered by appellee tended to prove that decedent complied with the statute and stopped his automobile before entering the intersection, and the evidence offered by appellants tended to prove the contrary.

Upon this state of proof the court did not err in overruling the motions of the appellants for a directed verdict, and the motion to set aside the verdict and for a new trial. The court has no right to direct a verdict where, upon a consideration of all the evidence and the inferences reasonably and justifiably to be drawn therefrom, it appears that under the law such facts and circumstances will sustain a verdict for the opposing party. The weight of the evidence and the credibility of the witnesses are questions for the jury to determine, but for the purpose of this review, the court must accept the evidence most favorable to the appellee's contention. Bramley v. Dilworth (C. C. A.) 274 F. 267. The claim of the appellants that the physical facts conclusively show contributory negligence on the part of the deceased is not tenable. While it may tend in some measure to corroborate the testimony offered on behalf of the appellants, nevertheless there is a direct and positive conflict in the oral evidence in this respect, and therefore the question of the decedent's negligence was one for the jury.

A perusal of the record convinces us that there was substantial evidence to support the jury's finding, and we are not permitted to disturb it.

The judgment of the District Court is affirmed.