## Offensend *v.* Atlantic Refining Company, Appellant.

400

Argued May 18, 1936.   Before Kephart, C. J., Schaffer, Maxey, Stern and Barnes, JJ.

*Robert A. Rundle*, with him *J. Merrill Wright*, of *Wright & Rundle* and *Paul E. Thomas*, for appellant.

*Arden D. Mook*, with him *John I. Kent*, of *Kent & Mook*, for appellee.

OPINION BY MR. JUSTICE BARNES, June 26, 1936:

Appellee brought this action in trespass to recover damages for injuries sustained by him resulting from a "head-on" collision of his automobile with one owned by appellant and operated by its employees. The accident occurred on March 7, 1932, about ten o'clock in the morning, as appellee was driving upon State Highway Route No. 18, toward Conneautville, Crawford County. The question of negligence is not raised upon this appeal. The appellant concedes there was negligence upon its part which resulted in the accident, without any contributory negligence of appellee.

The real issue before us is whether the evidence is sufficient to sustain the finding that the accident here is the cause of the aggravation and lighting up of a preëxisting ailment or diseased condition of appellee, and the further question whether the trial judge properly presented that question in his instructions to the jury.

Immediately following the accident the appellee was examined by a physician and found to be in a nervous condition suffering from shock and complaining of pains in his chest, knees and face. He had one tooth knocked out and another loosened, a bruise on the right side of his chest, abrasions on both knees and other minor lacerations. He was taken to a hospital in Meadville, where an X-ray of his chest was taken the next day and disclosed a fracture of the fourth rib on the right side and an inflammatory or tubercular condition in the area of his chest below the fractured region. The existence of this tubercular infection prior to the collision is undisputed. He remained at the hospital for nine days during which time he suffered intense pain. His physician ordered complete rest and inactivity as treatment for the inflammation of his lung. He was confined to bed for a month, after which he moved to Conneaut Lake in Crawford County. For seven weeks during the summer he stayed in the Adirondack Mountains, and then returned to Conneaut Lake, where he was residing at the

time of trial, still unable to return to his work as a cattle dealer, in which business he had been actively engaged up to the time of the accident.

In October, 1932, an X-ray picture was again made, which showed that the tubercular condition had not improved, but was worse, if changed at all. The two doctors, who had examined appellee, testified that in their opinion the tubercular infection was aggravated by the injury to the chest sustained in the accident. One admitted that it could have resulted from other things, but reiterated it was likely that the chest injury was the efficient cause, as nothing had intervened in the interval between the injury and the finding of aggravation to give rise to a contrary belief. However, there is no testimony in the case as to the nature or extent of such aggravation, or the effect of such aggravation upon the general physical condition of appellee.

The jury rendered a verdict in favor of appellee in the sum of $10,963.70, itemized as follows: $5,500 for injuries to his person; $450 for damages to his automobile; $477.70 for medical, hospital and traveling expenses, and $4,536 for loss of earning power from March 7, 1932, to November 7, 1934.

Appellant contends that the court below erred by permitting the jury to hazard a guess upon the extent of the aggravation as a result of the accident, of appellee's preëxisting tubercular condition, and to assess damages for all expenses consequential thereon. Further, it says that it was error to allow the introduction of appellee's statement of his net earnings for the year preceding the accident, which was used by the jury as the basis for the assessment of the loss of earning power. It is urged that the verdict was excessive, and a new trial should therefore have been granted.

The principle is firmly established that a tort-feasor is liable for all direct and proximate consequences of his unlawful act. Where the personal injuries caused by the wrongdoer aggravates an existing infirmity or dis-

ease, resulting in prolongation of the injuries and a corresponding increase in damages, compensation for such added or increased damages may be recovered: *Paul v. Atlantic Refining Co.*, 304 Pa. 360; *Sedgwick on Damages* (9th ed.), section 121 b; *Sutherland on Damages*, (4th ed.), section 1244. The wrongdoer is liable for all harm caused by his negligent act though increased by an unknown physical condition, which could not have been discovered or anticipated prior to the wrongdoing: *Restatement, Torts*, section 461. See *8 R. C. L.* 436, 437, 438; *Curry v. Wilson*, 301 Pa. 467; *Flour v. Penna. R. R. Co.*, 99 Pa. Superior Ct. 170. Appellant's complaint concerning the action of the court below in allowing the jury to award damages for the aggravation of the tubercular condition resolves itself into a question whether there was sufficient evidence to justify the jury's finding that the aggravation of appellee's lung inflammation continued for more than two years after the accident, and their award of damages on that basis.

It is evident that there was ample evidence from which the jury could find aggravation up to the time when the X-ray was made in October, 1932. There were the opinions of both the doctors, and the absence of a showing of any intermediate cause not attributable to the original wrong. Furthermore, prior to the accident appellee had been actively engaged in business as a cattle dealer, driving his own truck. Since that time he has been unable to work. The conclusion of the experts was in accord with the natural sequence of events and reënforced by the actual occurrences: *Paul v. Atlantic Refining Co.*, supra. It was not necessary for the doctors to testify positively that appellee would not have been in the same condition if the accident had not occurred: *Curry v. Wilson*, supra; *McMinis v. Phila. Rapid Transit Co.*, 288 Pa. 377. However, the doctors were not asked and did not venture an opinion as to the length of time the effects of the aggravation of the tubercular infection continued after October, 1932. Of course, it would be legiti-

mate to draw the inference that they did not subside immediately, warranting recovery for the suffering, medical costs and loss of earnings for a reasonable time thereafter. The jury went further than this, and assessed damages up to November, 1934, or for a period of two years. Without some expression of opinion by medical experts as to the duration of the increased inflammation resulting from the injury, it could not arbitrarily assess damages for such a long period of time. If the doctors were not in a position to make an estimate of the extent of the aggravation in point of time, the jury should not have been allowed to hazard a guess beyond the period shown with reasonable certainty. See *Saunders v. Pittsburgh Rys. Co.,* 255 Pa. 348. From this standpoint alone the damages were excessive.

It is manifest from the verdict, as itemized, that the jury's determination of the damages suffered as a result of appellee's loss of earning power was based solely on his statement that for the year preceding the accident his net income was $1,701.38. The jury accepted this as the measure of his loss and awarded him damages commensurate therewith for the period from March 7, 1932, to November 7, 1934, without taking into consideration his own admission that his business was on a downward trend at the time he was injured, though he testified he thought it had reached the bottom and was stabilized. It appears from the testimony that appellee was a cattle dealer and personally conducted his business, which was in large measure dependent upon his personal skill, and the capital used by him in the business was negligible. He did not employ any help.

The general rule is that profits derived from a business are not to be considered as earnings and cannot be admitted as a measure of loss of earning power, but where they are almost entirely the direct result of personal management and endeavor, they are an accurate measure of earning capacity and admissible as such: *Dempsey v. City of Scranton,* 264 Pa. 495, and authori-

ties cited therein; *Pietro v. P. R. T. Co.,* 298 Pa. 423. In the instant case evidence of appellee's net earnings was clearly proper under this rule. The serious question is whether his net income for a single year without more, other than general testimony pertaining to the character of the business, his age, health and manner of living, was a competent measure or standard by which to guide the jury in its calculations. Although net earnings for a single year, especially when proximate in time to the period when a loss of earning power was suffered, may have some evidential bearing on the question, it is evident that many other factors of importance might be influential and material during the period involved. The court should have instructed the jury more carefully upon the weight to be given to all the material elements having a bearing upon the question of earning power. It is evident here that the jury was guided largely by appellee's statement of his net income for the single year. Under the circumstances we are forced to conclude that the damages assessed for loss of earning power were in excess of those warranted by the evidence, and the true measure for their calculation.

Appellant's contention, that appellee was obliged to show by books, records, or accounts of some kind that the statement of net earnings was correct, cannot be sustained. Appellant was afforded a full opportunity to bring out on cross-examination the manner in which appellee arrived at his figures, and, failing to avail himself of this opportunity, he cannot now complain the estimate was not in fact accurate.

A consideration of all the evidence relating to the amount of damages sustained renders it apparent that the verdict of $10,963.70 was excessive, and the court erred in not so finding.

The judgment is reduced to $7,500, and affirmed as modified.