## CHAMPLIN REFINING CO. v. THOMAS.
### No. 1541.

Circuit Court of Appeals, Tenth Circuit.

Nov. 23, 1937.

134

Horace G. McKeever, of Enid, Okl. (Eugene S. Champlin and Nathan Scarritt, both of Enid, Okl., on the brief), for appellant.

William M. Thomas, of Miami, Okl., for appellee.

Before PHILLIPS and BRATTON, Circuit Judges, and SYMES, District Judge.

PHILLIPS, Circuit Judge.

This is an action to recover damages for personal injuries to George Colvard, a minor, alleged to have been caused by the negligence of the Champlin Refining Company. The action was commenced by a next friend. Prior to the trial Thomas was appointed as guardian ad litem for Colvard and was substituted as party plaintiff.

At the close of the evidence the Champlin Company moved for a directed verdict in its favor. The motion was denied. The jury returned a verdict in favor of Colvard and judgment was entered thereon. The Champlin Company has appealed.

The evidence viewed in a light most favorable to the plaintiff[1] established these facts:

The Champlin Company owned and operated an oil well situated near an alley in Oklahoma City, Oklahoma. A pipe three inches in diameter and about thirty feet in length extended northerly from the well a substantial distance into the alley. The pipe was designed to operate the control mechanism of the well and was connected therewith by a universal joint. The south end of the pipe was about two feet off of the ground. The north end of the pipe was supported about four feet off of the ground by a brace constructed of two by sixes nailed in the shape of an X, the pipe resting in the upper portion of the X. The pipe weighed approximately 230 pounds.

On April 20, 1932, Colvard, then eleven years of age, was traveling through the alley toward his home. When he reached the pipe he stooped to pass under it and struck it with his shoulders. The jar upon the pipe apparently dislodged the support and caused it to fall toward the south,

1 Summers v. Denver Tramway Corporation (C.C.A.10) 43 F.2d 286; Indemnity Ins. Co. v. Atchison, T. & S. F. Ry. Co. (C.C.A.9) 85 F.2d 438, 439; Harlan v. Bryant (C.C.A.7) 87 F.2d 170, 172; Bonk v. Welch (C.C.A.7) 78 F.2d 478, 479; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

whereupon the pipe fell across Colvard's back or shoulders and the impact and weight thereof threw him violently to the ground, face first. The support fell flatwise on the ground underneath the pipe and stopped the fall of the north end thereof the thickness of the support, or about four inches from the ground. The pipe was partially lifted and Colvard was pulled from under it. His face was severely lacerated and bruised and the skin was abrased on the forehead, nose and chin. He was taken first to his home and shortly thereafter to a hospital. After four days he was discharged from the hospital and removed to his home where he was attended by a physician for a short period. While at the hospital and for some time after he returned home his back and hips were kept strapped with adhesive tape. He limped for a while after the accident. Continuously since the accident he has suffered from pain in his back and left hip. He incurred a minor injury to his right foot prior to the accident of April 20, 1932, but had fully recovered therefrom prior to such accident.

A medical expert who specialized in radiology and diagnosis examined Colvard on March 13, 1935, and May 16, 1935. On March 13, 1935, he made radiographs of the dorsal and lumbar vertebrae and the pelvis.

The chest examination disclosed symptoms of tuberculosis of the lungs.

His examination and radiographs disclosed that Colvard's left hip joint was smaller than the right and the muscles of his left leg smaller than the corresponding muscles of the right; that the motion of his left hip was fifty per cent of normal; that he suffered pain in the left hip when the left leg was forcibly flexed or jarred; that there was rigidity of the muscles over the upper and central portion of his dorsal spine, tenderness in that area, a slight lateral curvature at the fourth, fifth and sixth dorsal vertebrae, and cloudiness of the articular surfaces thereof; that his pelvis was slightly tilted, his left iliac crest lower than the right, and his left hip joint markedly clouded; and that there was cloudiness in the femur and socket of his left hip joint and bone destruction of the latter.

The medical expert stated that tuberculosis of the bone usually is caused by trauma which lowers the vitality and resistance of the tissues and makes them susceptible to a tubercular infection already present in the system. He stated that strong pressure on a joint or forcing it out of normal position may create a condition making it susceptible to tubercular infection. He stated that tuberculosis of the bone usually develops slowly and that the condition he found in Colvard had probably been progressing for two or three years.

In answer to a hypothetical question which embraced the facts above detailed respecting the accident, the ensuing history, and the facts he found upon his examination, the medical expert stated as his opinion that the tubercular condition in the spine and left hip joint was caused by the injury Colvard received on April 20, 1932. He stated that the impact and weight of the pipe exerted an indirect force upon the dorsal spine and the hip joint resulting in injury thereto and making them susceptible to the tubercular infection present in the system of Colvard; that tuberculosis of the bone usually develops first in the spine and then in the hip joints, and that Colvard's injuries were permanent.

These facts were clearly sufficient to take the case to the jury and we conclude that the court did not err in denying the motion of the Champlin Company for a directed verdict.

■ Counsel for the Champlin Company assert that the physical facts were such as to preclude injury to the lower spine and left hip joint. We do not agree. Colvard was in a stooping position when the pipe fell across his shoulders. The impact and weight of the pipe carried him to the ground. That his face struck the ground with considerable force is shown by the injuries thereto. His legs and back must have momentarily resisted the force of the pipe and this necessarily subjected his hip joints and vertebrae to great pressure and the muscles and ligaments of the back and hips to severe strain. His position may well have been such as to subject the left hip to the greater strain. We think the physical facts support rather than controvert the conclusion that Colvard suffered injury to his lower spine and left hip. Furthermore, continuously after the accident he suffered pain in his left hip and other possible causes thereof were excluded by the evidence.

■ It is urged that the evidence of the medical expert should have been excluded because the examination took place more than two years after the injury, and that

there was no evidentiary basis for an award of damages for the tubercular condition in the hip and spine. The conclusions of the medical expert were based upon the facts of the accident, the subsequent history, and the findings made from the physical examination. The condition at the time of the examination was directly traced to the injuries resulting from the accident and other possible causes thereof were eliminated.

We are of the opinion that the findings and opinion of the medical expert were admissible and warranted the jury in finding that the accident and the injuries resulting therefrom were the proximate cause of the tubercular condition in the spine and left hip.

■■ A negligent actor is responsible for all the natural and proximate consequences of his wrongful act, although they are aggravated by the physical condition of the person toward whom his act is negligent.[2] The rule applies although the physical condition of the injured person was unknown to the negligent actor. A negligent actor takes the risk that his liability will be increased by reason of the physical condition of the person toward whom his act is negligent.[3] In such a case the injury is regarded as the primary cause which sets in motion the other cause and the latter is regarded as a dependent, not an intervening cause.[4]

■ Hence, where one who has tubercular germs in his system suffers injuries due to the negligence of another, and the injuries so weaken the resistance of the tissues that as a direct consequence tubercular infection sets up therein, the negligence is the proximate cause of the tubercular infection and renders the negligent person liable in damages therefor.[5]

■ What purports to be a motion for a new trial with supporting affidavits is set forth in the record proper, but is not embraced in the bill of exceptions. The record proper includes the pleadings, the process, the verdict and the judgment. It does not embrace motions and rulings thereon, especially a motion supported by affidavits or evidence.[6]

---

[2] Restatement of the Law of Torts, § 461;

Crane Elevator Company v. Lippert (C.C.A.7) 63 F. 942, 948;

Camp Mfg. Co. v. Beck (C.C.A.4) 283 F. 705, 707;

Pieczonka v. Pullman Company (C.C.A. 2) 89 F.2d 353, 357;

Petterson v. Steamship Jefferson Myers (C.C.A.2) 45 F.2d 162;

Maguire v. Sheehan (C.C.A.1) 117 F. 819, 821, 59 L.R.A. 496;

Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 So. 28, 33;

In re Bowers, 65 Ind.App. 128, 116 N.E. 842, 843;

Louisville, N. A. & C. Ry. Co. v. Snyder, 117 Ind. 435, 20 N.E. 284, 285, 3 L.R.A. 434, 10 Am.St.Rep. 60;

Blomquist v. Minneapolis Furniture Co., 112 Minn. 143, 127 N.W. 481, 482;

Kiefer v. City of St. Joseph (Mo.Sup.) 243 S.W. 104, 109;

Bridges v. Dunham (Mo.App.) 183 S. W. 703, 704;

Burles v. Oregon Short Line R. Co., 49 Mont. 129, 140 P. 513, 515, Ann.Cas. 1916A, 873;

Haufler v. Public Service Ry. Co., 79 N.J.L. 404, 75 A. 163;

Offensend v. Atlantic Refining Co., 322 Pa. 399, 185 A. 745, 746, 747;

Virginia Ry. & Power Co. v. Hubbard, 120 Va. 664, 91 S.E. 618, 619;

Salmons v. Norfolk & W. Ry. Co., 100 W. Va. 49, 129 S.E. 760, 762;

Note 48 L.R.A.(N.S.) p. 123.

[3] Restatement of the Law of Torts, § 461, note 3;

Offensend v. Atlantic Refining Co., 322 Pa. 399, 185 A. 745, 747;

Atlantic Coast Line R. Co. v. Dees, 56 Fla. 127, 48 So. 28, 33;

Burles v. Oregon Short Line R. Co., 49 Mont. 129, 140 P. 513, 515, Ann. Cas.1916A, 873.

[4] Baltimore City Pass. R. Co. v. Kemp, 61 Md. 619, 48 Am.Rep. 134;

Crane Elevator Company v. Lippert (C. C.A.7) 63 F. 942, 948.

[5] Crane Elevator Company v. Lippert (C.C.A.7) 63 F. 942;

Larson v. Boston Elevated Ry. Co., 212 Mass. 262, 98 N.E. 1048, 1050;

Thomas v. St. Louis, I. M. & S. Ry. Co. (Mo.App.) 173 S.W. 728.

[6] Momand v. Paramount Publix Corporation (C.C.A.10) 88 F.2d 578;

McCuing v. Bovay (C.C.A.8) 60 F.2d 375, 376;

Flanagan v. Benson (C.C.A.8) 37 F.2d 69, 71;

Ingram v. United States (C.C.A.8) 5 F. 2d 940;

Chicago Great Western R. Co. v. Le Valley (C.C.A.8) 233 F. 384;

Wainer v. United States (C.C.A.7) 87 F.2d 77, 80;

D. K. Jeffris Lumber Co. v. Howard Shipyards & Dock Co. (C.C.A.7) 295 F. 513.

It follows that the alleged ruling on the motion for a new trial is not presented for review on this appeal.

The judgment is affirmed.