NEPHEW *v.* WHITEHEAD.

MASTER AND SERVANT—PERSONAL INJURY—KNOWLEDGE OF DANGER—RECOVERY.

> An employé, experienced in handling heavy objects, cannot recover against his employer for injuries received by being struck by an iron beam which he was assisting to unload from a wagon on which he had helped to load it; the operation being a simple one, and the employer having no knowledge of danger that the employé did not himself possess.

Error to Wayne; Frazer, J. Submitted February 2, 1900. Decided March 6, 1900.

Case by Joseph J. Nephew against James T. Whitehead for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Malcolm C. Yerkes* (*Elbridge F. Bacon*, of counsel), for appellant.

*Gray & Gray*, for appellee.

MOORE, J. The plaintiff is 29 years old. He has sailed the lakes for 15 seasons, 5 or 6 of which he was wheelman on different steamboats. He entered into the employ of Mr. Whitehead. He testified he considered he was employed to operate a derrick in moving and handling iron beams, and that before that he had handled heavy stuff with derricks, ropes, rollers, and blocks. He was directed to help other men place iron beams on trucks to be conveyed to the waterworks park in Detroit, and did so. He then went to the park, and was injured while engaged in unloading the beams which had been brought from defendant's shop. The truck was a four-wheeled, platform dray. The front wheels were small, and able to pass beneath the body of the wagon. The rear wheels were larger, extending about 12 inches above the platform of the wagon. The beams were about 23 feet long, and projected back of the wagon about 8 feet. The front end of the beam was allowed to rest upon the wagon. The rear end was raised, passed over the hind wheel, and pushed or thrown to the ground. The raising was done by six men standing alongside of the beam, behind the wagon, who lifted the beam until it was even with the top of the wheel, and then pushed or threw it over. The beam rested, perhaps, momentarily on the wheel. Being thus at an angle with the length of the wagon, the beam, in falling, cleared the wheels. Plaintiff was one of the six

men thus employed. They all stood on the side of the beam opposite to the direction in which it was to go. The beam was lifted to the top of the wheel, but, as it was pushed over, plaintiff, in some way unexplained by the evidence, was struck by the beam and injured. The beam went beyond the wheel, as it was intended. The plaintiff brought this suit to recover for the injuries thus received. The circuit judge directed a verdict for the defendant. The plaintiff has brought the case here by appeal.

If the plaintiff can recover in this case, an employer of labor would be liable whenever an accident occurred. The operation to be performed was a simple one. With the experience plaintiff must have had in handling heavy objects, he must have known as much about the danger involved in the unloading of these beams as any one. See *Pilucki* v. *Spring Works*, 117 Mich. 111 (75 N. W. 295). We do not deem it necessary to discuss the case.

Judgment is affirmed.

The other Justices concurred.