CRIBB v. GREAT LAKES ENGINEERING WORKS.

1. MASTER AND SERVANT — ASSUMED RISK — COMMON LABORER — WARNING AND INSTRUCTING SERVANT.

    A common laborer, engaged in the work of removing hatch covers on a boat, after having removed two of them with the assistance of three other laborers, assumed the risk of the danger that if they were pulled over the combing they would fall through the hatchway into the hold, and it was unnecessary to warn the workman of such danger, which was open to ordinary observation.

2. SAME.

> And plaintiff was not entitled to recover because defendant did not furnish clubs to use in doing work that was done in a manner commonly adopted in similar establishments and could be done safely if proper care were employed.

Error to Wayne; Donovan, J. Submitted April 13, 1911. (Docket No. 99.) Reargued October 10, 1911. Decided November 3, 1911.

Case by James Cribb against the Great Lakes Engineering Works for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed, and no new trial granted.

*Luman W. Goodenough,* for appellant.

*Edward H. Kennedy,* for appellee.

BIRD, J. Plaintiff was employed by defendant as a common laborer, and assigned to work with a gang of from five to eight men, of whom John Bregg was foreman. The work done by this gang was common labor around defendant's shipyard. Bregg was ordered, on the morning of the accident, to take his men to the steamer Presque Isle, which was in winter quarters in the yard, and remove some scaffolding from the hold of the vessel, which had been in use to do some painting in one of the compartments. Before the scaffolding could be taken out, it became necessary to remove three of the hatch covers. These hatch covers were $3\frac{1}{2}$ feet wide and about 7 feet in length, with a 4-inch iron ring in each corner to aid in handling them. One hatch cover nearest the edge of the boat was first removed by four of the men. The second one was placed on the first. The third one was taken hold of and raised up by plaintiff and his companion before the men on the other end could get hold of the rings. This had the effect of pulling the opposite end off from the coaming and causing it to drop into the hold. Plaintiff's companion released his hold, but plaintiff was un-

able to extricate his gloved hand from the ring, and in consequence thereof was carried to the bottom of the hold, about 30 feet below, with the hatch cover. He sustained injuries which were more or less serious, and he brought this suit and recovered a judgment of $1,000 in the trial court. The theory upon which the recovery was had was that defendant was negligent in failing to provide the men with hatch clubs to place in the rings to facilitate in carrying them.

The defendant asks for a reversal of the judgment because—

(a) No negligence on the part of the defendant was shown; (b) that, even though defendant was remiss in its duty in failing to provide hatch clubs, the danger of working without them was obvious, and should have been appreciated by him; (c) that plaintiff and his companion were guilty of negligence in raising their side of the cover before the men on the other side were ready.

We are of the opinion that the injury suffered by plaintiff was one of the risks included in his contract of employment. The work was in the line of his duty, and the method of doing the work was the usual one employed by the defendant. If the dangers attending the removal of the covers were not apparent to plaintiff before the work was begun, they must have been after he had assisted in removing two of them. After the two covers were removed, he must have known how heavy they were; how they were fastened to the deck; that the hold was beneath, and how deep it was; and that if the covers were pulled over the coaming they would drop into the hold. It was unnecessary for any one to call his attention to these things, because they were open to his observation.

The plaintiff urges that hatch clubs should have been furnished, and that defendant was negligent in failing to provide them. We do not think that plaintiff made such a case on the question of the negligence of the defendant as entitled him to argue that question to the jury; but if we concede his proposition that defendant was negligent

in that regard, the position of the plaintiff remains unchanged as to his assumption of the risk, because the dangers, such as they were, were obvious, and should have been appreciated by him. The record shows that the method of removing the covers was the one usually followed, not only in defendant's yard, but in other shipyards, and that the work could be safely done without the use of clubs, if proper care were used. The most that can be said of plaintiff's contention is that, had defendant furnished the clubs, the work would have been less hazardous. This alone is not sufficient to permit plaintiff to recover. Bailey on Master and Servant, § 505.

The judgment of the trial court is reversed, with no new trial.

OSTRANDER, C. J., and STEERE, MOORE, McALVAY, BROOKE, BLAIR, and STONE, JJ., concurred.