## McPARLAND *v.* STEWART.

MASTER AND SERVANT—NEGLIGENCE—SAFE PLACE—WRECKING OLD BUILDING.

> There is no duty upon an employer to furnish an employee, engaged in wrecking a building, with a reasonably safe place in which to work.

Error to Van Buren; Weimer (George V.), J., presiding. Submitted October 5, 1928. (Docket No. 101, Calendar No. 33,596.) Decided December 4, 1928.

Case by Joshua I. McParland against Charles H. Stewart and another for personal injuries. Judgment for plaintiff. Defendants bring error. Reversed, and no new trial ordered.

*W. J. Barnard,* for appellants.

*William W. Holbrook* and *L. J. Lewis,* for appellee.

WIEST, J. Defendant Stewart employed defendant Jordan by the day to tear down an old barn. Jordan employed plaintiff to help and paid him by the day. In the course of demolition of the barn, Jordan directed plaintiff to loosen a plate-pin, and, in going to do so, he stepped on some boards insecurely covering a hay chute, fell down the chute and fractured a leg bone and several ribs. This suit was brought to recover damages, and, in the circuit, plaintiff had verdict and judgment. Defendants review by writ of error, presenting many points, only one of which need be considered.

' Liability of defendants was based upon alleged duty to provide plaintiff with a reasonably safe place in which to work and their failure to do so. By objections, motions, and requested instructions to the jury, defendants presented the question of their liability. This case squarely raises the question of whether it is the duty of an employer to provide his employee with a reasonably safe place in which to work in wrecking an old building. Assumption of risk is not involved in this case. While some courts place nonliability in a case like this upon that ground, we look upon it as a misnomer. If the rule of safe place does not extend to the work of wrecking an old building, then there was no duty to provide a safe place and no negligence shown, and it is not assumption of risk which prevents recovery, but no negligence on the part of the employer. There is no duty upon an employer to furnish an employee, engaged in wrecking a building, with a reasonably safe place in which to work. *William Grace Co.* v. *Kane,* 129 Ill. App. 247; 2 Bailey, Personal Injuries (2d Ed.), § 372; *Ballard & Ballard Co.* v. *Lee's Adm'r,* 131 Ky. 412 (115 S. W. 732). Of course, if an employer knows of a defect or special element of danger not obvious to an employee, it is his duty to give warning thereof, but the employer is under no duty to his employee to search for latent defects in a building he wants destroyed.

As said in *Ballard & Ballard Co.* v. *Lee's Adm'r, supra:*

"But the master is not, in cases like this (wrecking), charged with the duty of exercising ordinary care to discover the dangerous or unsafe place, and is not liable to respond in damages for an injury to the servant because of the defective or dangerous condition that he did not know of, but which might

have been discovered by the exercise of ordinary care.''

There are dangers usually present in wrecking an old building. Time and action of the elements, deterioration of materials, lack of repair and general dilapidation and disintegration may call for demolition, and it would be unreasonable to require that a building out of repair and to be demolished must be put in a condition reasonably safe for wreckers thereof. We again quote from *Ballard & Ballard Co.* v. *Lee's Adm'r, supra:*

''But clearly the master cannot be held liable for failing to furnish safe places when he is having the place    *    *    *    torn down because it has become unsafe and defective,    *    *    *. To impose upon the master, under conditions like these, the necessity of furnishing a safe place would amount to an absurdity, and be a contradiction of terms.''

The declaration alleged no actionable negligence by defendants and the evidence established none. Plaintiff made no case, and verdict should have been directed in favor of defendants.

The judgment is reversed without a new trial, with costs to defendants.

Fead, C. J., and North, Fellows, Clark, McDonald, Potter, and Sharpe, JJ., concurred.