REYNOLDS *v.* SECURITY TRUST CO.

1. MASTER AND SERVANT—RULE OF SAFE PLACE HAS NO APPLICATION IN WRECKING BUILDING.

    The rule requiring an employer to furnish employees a safe place to work has no application in wrecking a building.

2. SAME—DEGREE OF CARE REQUIRED.

    The degree of care required of an employer is measured by the usual and customary method employed by ordinarily prudent men in like work under similar circumstances, and is not to be governed by exceptional instances of greater or less care exercised, or by mere opinion that a particular way would have prevented the accident.

3. SAME—IF USUAL METHODS FOLLOWED EMPLOYER NOT LIABLE FOR FAILURE TO FURNISH PARTICULAR APPLIANCE.

    Where, in an action for personal injuries sustained by an employee while wrecking an old building, the record shows that the methods used were the ones usually followed, the employer is not liable for failure to furnish a gin pole with block and tackle for lowering timbers, although the work would have been less hazardous had said appliance been furnished.

Error to Macomb; Law (Eugene F.), J., presiding. Submitted January 31, 1929. (Docket No. 106, Calendar No. 34,108.) Decided June 3, 1929.

Case by Homer Reynolds against the Security Trust Company, administrator of the estate of John W. Irwin, deceased, for personal injuries. Judgment for plaintiff. Defendant brings error. Reversed and remanded, with direction to enter judgment for defendant.

*George W. & Clifford A. John,* for plaintiff.

*Walsh, Walsh & O'Sullivan (Wm. T. Kelly* and *Bert V. Nunneley,* of counsel), for defendant.

WIEST, J. While employed by John W. Irwin, owner, in wrecking an old frame barn, plaintiff was injured by timbers he was engaged in ·lowering, brought this suit to recover damages, declared it was the duty of his employer to provide a gin pole with a block and tackle for the lowering of timbers, alleged defendant's failure to do so was the proximate cause of the injury to him, and had verdict and judgment against the administrator of Mr. Irwin's estate. The defendant reviews by writ of error.

The record presents the question of whether, in wrecking an old frame barn, it is the duty of the employer, in behalf of reasonable safety of workmen, to provide a gin pole with block and tackle for the lowering of timbers. If we affirm the judgment, we must hold that it is negligence to wreck a frame barn without employment of such an appliance. This we cannot do. Such an appliance may save timbers from damage, but with that we are not concerned. In wrecking a building, the rule of safe

place has no application. *McParland* v. *Stewart*, 244 Mich. 565. The case at bar, however, does not turn upon the rule of safe place, but upon the duty to provide appliances.

If Mr. Irwin, in wrecking his barn, conformed to the degree of care demanded of wreckers of old frame buildings, then he was not guilty of negligence. The degree of care required of the employer is measured by the usual and customary method employed by ordinarily prudent men in like work under similar circumstances, and is not to be governed by exceptional instances of greater or less care exercised, or by mere opinion that a particular way would have prevented the accident. The question is not whether in some instances such an appliance was used, but whether its use in behalf of safety of workmen has been commonly adopted. This question is not answered by an opinion of a witness that safety requires such an appliance and he has known of its use in some instances. A witness may so think, and the jury believe that such an appliance is a better way, but negligence in not conforming to such opinion and belief cannot be adjudged if the method employed was the ordinary one of wrecking frame buildings.

*Anderson* v. *Smith,* 35 App. D. C. 93, affirmed 226 U. S. 439 (33 Sup. Ct. 176), was a building-wrecking case, in which the employer was charged with negligence in not providing a block and tackle for the lowering of a heavy door frame. In the court of appeals it was said:

"There is no evidence whatever to show that such implements are usually employed for this purpose, or that the method adopted is not the customary one. * * * The method employed was the most ancient known."

In *Cribb* v. *Great Lakes Engineering Works,* 167 Mich. 328, the plaintiff claimed that hatch clubs should have been furnished, and that defendant was negligent in failing to provide them. We think the following quotation from that case applicable to this:

"The record shows that the method of removing the covers was the one usually followed, not only in defendant's yard, but in other shipyards, and that the work could be safely done without the use of clubs, if proper care were used. The most that can be said of plaintiff's contention is that, had defendant furnished the clubs, the work would have been less hazardous. This alone is not sufficient to permit plaintiff to recover."

Defendant moved for a directed verdict and for judgment notwithstanding the verdict. Both motions were denied. The motions should have been granted. The judgment is reversed with costs, and the case remanded to the circuit with directions to enter judgment for defendant.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDON-ALD, POTTER, and SHARPE, JJ., concurred.