## L. E. WHITHAM CONSTR. CO. v. REMER.
### No. 1535.

Circuit Court of Appeals, Tenth Circuit.
Dec. 11, 1937.

in and a detonator was attached to each charge. Two fine wires extended from the detonator out through the top of the hole. These wires in turn were connected with wires attached to a blasting machine. The circuit was then closed and the current from the blasting machine set off the detonator which in turn caused the dynamite to explode. Charges in groups of 15 to 40 were connected with the blasting machine and exploded simultaneously. Due to crossing of the wires or other causes there would be times when some of the charges would not explode.

Plaintiff's intestate had been employed by the Construction Company on other work prior to September 4, 1935. On that day he went to work at noon as a jackhammer operator. He had had previous experience as a jackhammer operator but had not operated a hammer at or near the place of the accident. He completed the drilling of an unfinished hole on the south side of the road and then moved his jackhammer over to a ledge of rock that formed a high point on the north side of the road. He first blew the trash off the place where he proposed to drill, with air from the hammer. After he had cleaned off a place approximately three feet in diameter, he commenced the drilling of a second hole. In the drilling of that hole the drill encountered an unexploded charge of dynamite which exploded causing injuries to him from which he died.

Prior to the accident the south side of the road had been cleaned off so that the drillers might be able to observe any holes containing unexploded charges. The surface where the accident occurred had not been cleaned off.

A. C. Doyle, foreman for the Construction Company, had reason to believe there was an unexploded charge of dynamite in close proximity to the place where the accident occurred. On the evening of September 3, 1935, Doyle and four other employees of the Construction Company made a careful search for that unexploded charge. They searched at and about the place where the accident occurred, but failed to discover it. It had not been discovered when plaintiff's intestate began working on the following day. Doyle instructed plaintiff's

Robert D. Hudson, of Tulsa, Okl. (W. E. Hudson, of Tulsa, Okl., on the brief), for appellant.

John W. Tyree, of Lawton, Okl. (S. R. Harper, of Lawton, Okl., on the brief), for appellee.

Before LEWIS, PHILLIPS, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Sam Remer, administrator of the estate of Sam Remer, deceased, brought this action against the L. E. Whitham Construction Company, to recover damages for the alleged wrongful death of Sam Remer, deceased.

The evidence, viewed in a light most favorable to the plaintiff [1] established these facts:

The Construction Company was engaged in building a road up Mt. Scott in the National Forest Reserve, Comanche County, Oklahoma. The location of the road was through practically solid rock covered with boulders and it was necessary to employ dynamite as an explosive agent to break up the rock.

Holes were drilled in the rock with a jackhammer, a device operated with compressed air. After the holes were drilled the charges of dynamite were placed there-

[1] See Champlin Refining Company v. Thomas, 10 Cir., 93 F.2d 133; Summers v. Denver Tramway Corp., 10 Cir., 43 F.2d 286; Indemnity Ins. Co. v. Atchison, T. & S. F. Ry. Co., 9 Cir., 85 F.2d 438, 439; Harlan v. Bryant, 7 Cir., 87 F.2d 170, 172; Bonk v. Welch, 7 Cir., 78 F.2d 478, 479; Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720.

intestate to drill holes at the high places in the section of the road where he suspected this unexploded charge to exist, but wholly failed to warn him with respect to such unexploded charge. He did warn the jackhammer operator who worked during the forenoon of the day of the accident concerning such charge.

The petition alleged that the "explosion was caused by a charge of dynamite * * * which had been carelessly and negligently placed and allowed to remain at the point where ' * * * deceased was ordered to drill by the * * * agents and employees of * * * defendant; that * * * deceased had no knowledge of the presence of the * * * dynamite * * * and was unaware of the danger of drilling at that point and that no signals marked the place of danger."

The answer denied negligence and alleged assumed risk and contributory negligence.

At the close of the evidence the Construction Company moved for a directed verdict in its favor. The motion was denied. There was a verdict and judgment for the plaintiff. The Construction Company has appealed.

■ The proof showed that the Construction Company used modern equipment, followed standard methods, made regular inspections, and exercised care to discover unexploded charges, and that no method was known to accomplish the construction work other than by the use of dynamite or high explosives.

On the other hand, while the evidence was in conflict as to the existence of the unexploded charge of dynamite in the immediate vicinity where plaintiff's intestate was instructed to drill, knowledge thereof on the part of Doyle, and failure of the Construction Company to warn plaintiff's intestate with respect to that particular unexploded charge, there was substantial evidence which warranted the jury in finding that such unexploded charge existed, that the Construction Company had knowledge thereof, that plaintiff's intestate had no knowledge thereof, and that the Construction Company wholly failed to warn plaintiff's intestate of the danger of such unexploded charge.

The master is under a nondelegable duty to warn and instruct his servant as to defects and dangers of which he knows or ought in the exercise of reasonable care and diligence to know, and of which the servant has no knowledge.[2]

It follows that the court properly denied the motion for a directed verdict.

■ The Construction Company by proper exception challenged the correctness of the following instruction given to the jury:

"In this connection you are instructed that if the defendant drilled or caused to be drilled numerous holes, and these holes were filled with dynamite, and the dynamite in any of these holes failed to explode, and therefore, it remained in the ground as a source of future danger, that it was the duty of the defendant to locate those holes, and to advise those who were working in the vicinity of those holes of the danger."

The Construction Company was not an insurer. Its duty was to exercise reasonable or ordinary care for the safety of its employees.[3] Ordinary care is such care as ought reasonably to be expected of an ordinarily prudent person in the same situation as that of the individual whose conduct is in question in the particular case. The duty is that of exercising reasonable care, whether the business is comparatively safe or is extremely dangerous, but the acts of care and precaution required by ordinary prudence are to be determined as matters of fact from a consideration of the dangers incident to the agency employed as well as from other circumstances and conditions, and the precautions required increase with the known dangers.[4] The law

2 Alpha Portland Cement Co. v. Curzi, 2 Cir., 211 F. 580, 586; Pennsylvania Pulverizing Co. v. Butler, 3 Cir., 61 F. 2d 311, 316; Mather v. Rillston, 156 U.S. 391, 399, 15 S.Ct. 464, 39 L.Ed. 464; Thurlow v. Failing, 133 Okl. 277, 272 P. 368, 372.

3 McNeal v. Otto, 10 Cir., 91 F.2d 289; Grammer v. Mid-Continent Petroleum Corp., 10 Cir., 71 F.2d 38, 40; Grant Storage Battery Co. v. De Lay, 8 Cir., 87 F.2d 726, 731; Chicago & N. W. Ry.

Co. v. Payne, 8 Cir., 8 F.2d 332, 334; Great Northern Ry. Co. v. Johnson, 8 Cir., 207 F. 521, 524; H. D. Williams Cooperage Co. v. Headrick, 8 Cir., 159 F. 680, 682; Aqua System v. Kodakoski, 5 Cir., 88 F.2d 395, 398; Baltimore & O. S. W. R. Co. v. Carroll, 280 U.S. 491, 496, 50 S.Ct. 182, 183, 74 L.Ed. 566; Wabash R. Co. v. McDaniels, 107 U.S. 454, 459, 460, 2 S.Ct. 932, 27 L.Ed. 605.

4 Wabash R. Co. v. McDaniels, supra;

cast upon the Construction Company the duty of exercising reasonable care in searching for unexploded charges of dynamite and protecting its employees against the dangers thereof, but it did not cast upon the Construction Company the absolute duty of locating such charges.

The Construction Company also challenged by proper exception the correctness of the following instruction:

"You are instructed that dynamite is a dangerous instrumentality, and must at all times be used with the highest degree of care. The fact that the use of dynamite is practically indispensable for the accomplishment of certain purposes is not sufficient to justify its use if it cannot be used without great danger to life and limb, and one so using dynamite assumes the risk incident to such use."

The substance of the instruction is that even though the use of dynamite was indispensable in the prosecution of the work, its use constituted negligence if it could not be used without great danger to the life and limb of the employees. The language of the Supreme Court in Mather v. Rillston, 156 U.S. 391, 398, 399, 15 S.Ct. 464, 467, 39 L.Ed. 464, is apposite:

"All occupations producing articles or works of necessity, utility, or convenience may undoubtedly be carried on, and competent persons, familiar with the business and having sufficient skill therein, may properly be employed upon them; but in such cases, where the occupation is attended with danger to life, body, or limb, it is incumbent on the promoters thereof and the employers of others thereon to take all reasonable and needed precautions to secure safety to the persons engaged in their prosecution, and for any negligence in this respect, from which injury follows to the persons engaged, the promoters or the employers may be held responsible and mulcted to the extent of the injury inflicted. The explosive nature of the materials used in this case, and the constant danger of their explosion from heat or collision, as already explained, were well known to the employers, and were continuing admonitions to them to take every precaution to guard against explosions. Occupations, however important, which cannot be conducted without necessary danger to life, body, or limb, should not be prosecuted at all without all reasonable precautions against such dangers afforded by science. The necessary danger attending them should operate as a prohibition to their pursuit without such safeguards. Indeed, we think it may be laid down as a legal principle that in all occupations which are attended with great and unusual danger there must be used all appliances readily attainable known to science for the prevention of accidents, and that the neglect to provide such readily attainable appliances will be regarded as proof of culpable negligence."

While the law, because of the dangers inherent in the use of dynamite, cast upon the Construction Company the obligation to use all appliances readily attainable known to science for the prevention of accidents, to employ all reasonable precautions against the danger incident to the use of dynamite, afforded by science, and to use all reasonable and needed precautions for the safety of the employees engaged in the work, the instruction went further than that. It in effect made the Construction Company an insurer of its employees and in that respect it was inaccurate and prejudicial.

Because of the errors in the instructions to the jury, the judgment is reversed and the cause remanded with instructions to grant the Construction Company a new trial.

Reversed and remanded.

Hewlett v. Schadel, 4 Cir., 68 F.2d 502, 505, 91 A.L.R. 743; City of Decatur v. Eady, 186 Ind. 205, 115 N.E. 577, 579, L.R.A.1917E, 242; Reynolds v. Security Trust Co., 246 Mich. 670, 225 N.W. 575; Gulf, M. & N. R. Co. v. Kelly, Miss., 171 So. 883, 886; Schaum v. Southwestern Bell Tel. Co., 336 Mo. 228, 78 S.W. 2d 439, 442; Forbis v. Hessing, 328 Mo. 699, 41 S.W.2d 378, 380; Clinton & O. W. Ry. Co. v. Dunlap, 75 Okl. 64, 179 P. 749, 751, 181 P. 312; Ponca City Ice Co. v. Robertson, 67 Okl. 86, 169 P. 1111, 1112; Wychgel v. States S. S. Co., 135 Or. 475, 296 P. 863, 868; Texas & Pacific Ry. Co. v. Barrett, 166 U.S. 617, 619, 17 S.Ct. 707, 41 L.Ed. 1136; Grand Trunk R. Co. v. Richardson, 91 U.S. 454, 469, 470, 23 L.Ed. 356; Leach v. St. Louis-San Francisco Ry. Co., 6 Cir., 48 F.2d 722, 724; Waddell v. A. Guthrie & Co., 10 Cir., 45 F.2d 977, 979.