## L. E. WHITHAM CONST. CO. v. REMER.

### No. 1821.

Circuit Court of Appeals, Tenth Circuit.
June 15, 1939.

Robert D. Hudson and W. E. Hudson, both of Tulsa, Okl., for appellant.

John W. Tyree and S. R. Harper, both of Lawton, Okl., for appellee.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action for damages brought by Sam Remer,[1] administrator of the estate of Sam (Buddy) Remer, deceased,[2] against the L. E. Whitham Construction Company. The case was before this court on a former appeal. See Whitham Construction Company v. Remer, 10 Cir., 93 F.2d 736.

The original complaint contained one cause of action for the alleged wrongful death of Remer. On reversal and remand, the plaintiff filed an amended petition containing three causes of action.

In the first cause of action plaintiff alleged that the Construction Company was engaged in constructing a road in Comanche County, Oklahoma; that it used dynamite and powder to blast rock in the roadbed; that Remer was employed by the Construction Company as a jackhammer operator; that the Construction Company operated two shifts, one from six A. M. to twelve o'clock noon, and one from twelve o'clock noon to six P. M.; that on September 4, 1935, the morning crew had been engaged in blasting and removing rock from the roadbed of the highway; that Remer reported for work at twelve o'clock on that day; that he was directed by A. D. Doyle, foreman of the Construction Company, to drill certain high places in a particular portion of the roadbed; that in accordance with such direction Remer began drilling a hole with the jackhammer; that when the drill had penetrated the rock several feet an explosion occurred causing bodily injuries to Remer, from the effects of which he died about six P. M., September 4; that the explosion was caused by a charge of dynamite and powder which the Construction Company had carelessly and negligently allowed to remain in such portion of the roadbed; that the existence of such unexploded charge was known to the Construction Company and was unknown to Remer, and Remer was unaware of the danger of drilling at such location; that no signals had been placed at or near such point to warn workmen of the presence of the unexploded charge; that Remer was 21 years of age, was earning $3.50 per day, and had a life expectancy of 41-1/2 years; that Remer left surviving him Helen Remer, his wife, and that she suffered pecuniary damage because of the death of Remer in the sum of $20,000.

In his second cause of action plaintiff adopted, by reference, the allegations of the first cause of action and alleged that he suffered damages on account of expenses reasonably incurred during the last illness and for the funeral of Remer in the sum of $224.

In his third cause of action plaintiff adopted, by reference, the allegations of the first cause of action and alleged that Remer languished for a period of six hours after the accident; and that he was conscious during such period and suffered great pain and agony to plaintiff's damage in the sum of $5,000.

In its answer the Construction Company denied negligence and alleged assumed risk and contributory negligence. It further alleged that on the day of the accident the Construction Company, through its foreman, had caused certain portions of the south side of the highway to be cleaned off by the use of shovels, and directed holes be drilled only in those portions by the jackhammer operators; that Remer was directed to drill only in those portions; that the purpose of clearing off the portions of the highway was to protect the workmen and Remer knew of such purpose; that the north side of the highway had been reduced to grade and there was no necessity for drilling holes on that side; and that Remer was engaged in drilling a hole on the north side of the road in violation of instructions at the time the explosion occurred.

It also set up as a defense to the second and third causes of action the statute of limitations.

The amended petition was filed more than two years after the appointment of plaintiff as administrator of the estate of Remer.

The facts established by the plaintiff's evidence are these:

The Construction Company was engaged in building a road up Mt. Scott in Comanche County, Oklahoma. It was nec-

---

[1] Hereinafter referred to as plaintiff.

[2] Hereinafter referred to as Remer.

essary to employ dynamite and powder as explosive agents to break up the rock. Holes were drilled in the road with a jackhammer, a mechanical device operated with compressed air. After the holes were drilled the charges of dynamite and powder were placed therein and exploded in groups of twenty or more. At times some of the charges in a group failed to explode. Doyle was a supervisory foreman of the Construction Company. On September 3, 1935, he suspected that a charge of dynamite had failed to explode near the center of the road. On the afternoon of that day he instructed three of the employees to make a search for the unexploded charge of dynamite. They made the search, but failed to find the unexploded charge. No flags or other signals to warn employees were placed at the location where the unexploded charge was suspected to exist. Remer went to work for the Construction Company as a jackhammer operator at twelve o'clock noon on September 4, 1935. For about ten days prior to that time he had been employed as a truck driver by the Construction Company. He had previously operated a jackhammer. When Remer entered upon his duties at noon on September 4, 1935, he was instructed by Doyle to drill off the high places at a location in the road which embraced the territory where on the previous day the search had been made for the unexploded charge. Doyle advised the morning crew that he suspected an unexploded charge of dynamite in the vicinity and warned them to be careful. He gave no such warning to Remer. Remer drilled one hole on the south side of the road and then moved the jackhammer over to a high ledge of rock on the north side of the road. Before commencing the hole on the north side of the road, he kicked away the loose rock and cleaned the surface with air from the jackhammer over a space about three feet in diameter. No old hole was visible. The drill did not always follow a straight line. It sometimes diverged from the direction in which the hole was started. While Remer was engaged in drilling the second hole a charge of dynamite exploded, resulting in serious injuries to him from which he died at six-ten P. M. on that day.

The explosion embedded rock in the face and body of Remer, blew out his eyes, knocked out his teeth, fractured his nose and left jaw bone, fractured and mangled his left leg, and caused internal injuries. He remained conscious and suffered great pain until sedatives were administered after he had been removed to the hospital. Remer left surviving him Helen Remer, his wife, but no surviving children.

It was stipulated that the expenses of the last illness and the funeral of Remer amounted to $224 and that Remer had a life expectancy of 41-1/2 years.

Counsel for the Construction Company objected to the introduction of the evidence as to the extent of the injuries and the pain and agony suffered by Remer on the ground that the third cause of action was barred by the statute of limitations.

At the commencement of the trial, counsel for the Construction Company moved to dismiss the second and third causes of action on the ground that they were barred by the statute of limitations. It renewed this motion at the close of plaintiff's evidence. The motion was denied. Thereupon, counsel for the Construction Company moved for a directed verdict. This motion was denied. The Construction Company offered no evidence in its own behalf. The court in part instructed the jury as follows:

"You are instructed that dynamite is a dangerous instrumentality, and because of the dangers inherent in the use of dynamite, the defendant in this case assumed the obligation to use all appliances readily attainable, known to science for the prevention of accidents, to employ all the reasonable precautions against the dangers incident to the use of dynamite, and to use all reasonable and needed precautions for the safety of the employees engaged in the work.

"In this connection, you are instructed that if the defendant drilled or caused to be drilled numerous holes, and these holes were filled with dynamite, and the dynamite in any of these holes failed to explode, and, therefore, it remained in the ground as a source of future danger, that it was the duty of the defendant to use all reasonable means to locate those unexploded holes, and to advise those who were working in the vicinity of those holes, of the danger."

The jury returned a verdict on the first cause of action for $20,000 and on the second cause of action for $224, and found against the plaintiff on the third cause of action. Judgment was entered on the

verdict for the sum of $20,000 on the first cause of action and $224 on the second cause of action. The Construction Company filed a motion for a new trial. The court required and plaintiff filed a remittitur of $5000. Thereupon, the motion for a new trial was overruled and the judgment was reduced to an aggregate of $15,224. The Construction Company has appealed.

Section 570, O.S.1931, 12 Okl.St.Ann. § 1053, reads as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived, against the latter for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased."

Section 568, O.S.1931, 12 Okl.St.Ann. § 1051, reads as follows:

"In addition to the causes of action which survive at common law, causes of action * * * for an injury to the person * * * shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same."

Under the holdings of the supreme court of Oklahoma,[3] Section 570, supra, creates a new cause of action for wrongful death, separate and distinct from the cause of action accruing to the injured person during his lifetime for injuries to his person, and the latter cause of action by virtue of Section 568, supra, survives the death of the injured person and may also be maintained by his personal representative. The damages to the injured person's estate begin with the wrong and cease with his death. The damages to the surviving widow and children begin with and flow from the death of the injured person.

Under Section 101, O.S.1931, 12 Okl. St.Ann. § 95, an action for damages for injury to the person must be brought within two years after the cause of action accrued. The second and third causes of action were first incorporated in the amended petition filed more than two years after the injuries to Remer and after the appointment of plaintiff as his administrator. Rule 15(c) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides:

"Whenever the claim * * * asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

Counsel for plaintiff contend that under this rule the amendment which added the second and third causes of action to the petition relates back to the date of the filing of the original petition. We are of the opinion that the rule is not applicable where the amendment introduces a dif-

---

[3] See St. Louis & S. F. R. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141; City of Shawnee v. Cheek, 41 Okl. 227, 137 P. 724, 51 L.R.A.,N.S., 672, Ann.Cas.1915C, 290; Baltimore American Ins. Co. v. Cannon, 181 Okl. 244, 73 P.2d 167, 169; Stokes v. Collum Commerce Co., 120 Okl. 133, 252 P. 390.

In Baltimore American Ins. Co. v. Cannon, supra, the court said:

"In the case of the St. Louis & S. F. R. Co. v. Goode, Adm'x, 42 Okl. 784, 142 P. 1185, 1188, L.R.A.1915E, 1141, this court had under consideration the question whether a recovery by the widow as administratrix for the benefit of herself and next of kin under section 570, supra (Rev.Laws 1910, § 5281, 12 Okl.St. Ann. § 1053), was a bar to her further prosecution, as administratrix, of an ac-

tion for personal injury and damages to his estate, commenced by her husband in his lifetime, and which survived his death by virtue of the provisions of section 568, supra, and 569 Id. (Rev.Laws 1910, §§ 5279, 5280, 12 Okl.St.Ann. §§ 1051, 1052); both causes of action being based upon the same negligent acts. After discussing the elements of the two causes of action, and comparing the statutes involved, with the aid of many authorities, the court said: 'This leads us to believe that the two causes of action, in cases such as this, are coexistent; that a recovery on the one does not bar a recovery on the other; that the damages to the estate begin with the wrong and cease with the death; that the widow's damages begin with the death; that they do not cover the same field, nor do they overlap.' "

ferent and additional claim or cause of action.[4]

■ Here, the original cause of action was brought by plaintiff as administrator for the benefit of the surviving wife, while the second and third causes of action were brought by the administrator for the benefit of Remer's estate. It follows that the second and third causes of action were barred by the statute of limitations.

Counsel for the Construction Company contend that the court erred in overruling its demurrer to the evidence and its motion for a directed verdict. They assert the evidence shows Remer knew of the danger of an unexploded charge of dynamite. We may assume that Remer knew generally of the danger of the drill encountering unexploded charges of dynamite, but here Doyle, the foreman, had knowledge of a particular unexploded charge in the vicinity where he instructed Remer to drill. The latter had no knowledge of this particular unexploded charge and the Construction Company failed to warn him thereof or to indicate its presence by flags or other signals.

■ Counsel for the Construction Company further assert that Remer assumed the risk. It is unnecessary for us to determine whether he assumed the risk generally of unexploded charges. The Construction Company owed a nondelegable duty to warn and instruct Remer of defects and dangers of which it knew or ought, in the exercise of reasonable care and diligence, to know and of which Remer had no knowledge. Whitham Construction Company v. Remer, supra, 93 F.2d page 738. Voluntary action on the part of a servant is an essential element of the doctrine of assumption of risk.[5] The doctrine does not apply where the servant has no knowledge of the risk. There was no proof that Remer knew of the unexploded charge and a fair inference from the circumstances is that he did not know of it. It follows that he did not assume the risk of the danger of the unexploded charge which caused his death.

■ Counsel for the Construction Company contend that the court erred in giving the instruction above quoted. They assert that the portion of the instruction with respect to the use of appliances readily obtainable known to science for the prevention of accidents was improper in that there was no proof of negligence on the part of the Construction Company in that regard. The instruction was a correct statement of the law. See Whitham Construction Company v. Remer, supra, and cases there cited.

■ The evidence adduced showed that Doyle, a foreman, knew of or at least strongly suspected the existence of an unexploded charge in the vicinity where he instructed Remer to drill. So far as the evidence discloses the only efforts made to locate the charge was a search made by Doyle and three of the employees on the afternoon preceding the accident. Except for the search no measures were taken to guard against injury from such unexploded charge. No warning was given to Remer. No signals were placed to mark its probable location. These failures, in our judgment, presented an issue for the jury as to whether the Construction Company had employed reasonable care and used all the means readily obtainable to locate the unexploded charge, to remove it, and to guard against injury to Remer, and that such issue was properly submitted under the challenged instruction.

■ Counsel for the Construction Company also contend the court erred in charging the jury that it was the duty of the Construction Company to use all reasonable means to locate unexploded charges and to warn those working in the vicinity of such charges of the danger thereof. They assert that the plaintiff introduced no proof of what constituted reasonable means and that the evidence disclosed that the Construction Company exercised due diligence in its efforts to locate the unexploded charge. It was the duty of the Construction Company to use all reasonable means to locate unexploded charges and to guard its employees against the danger thereof. Whether the search made during the preceding afternoon measured up to the duty imposed was a question of fact for the jury. The Construction Company was

---

[4] See Federal Rules of Civil Procedure, Edmunds, Vol. 1, pp. 710-720, Pars. 325-395.

[5] Alko-Nak Coal Co. v. Barton, 88 Okl. 212, 212 P. 591, 594, 596; Frisco Lumber Co. v. Thomas, 42 Okl. 670, 142 P. 310, 311; Chesapeake & Ohio Ry. v. Proffitt, 241 U.S. 462, 468, 36 S.Ct. 620, 60 L.Ed. 1102; United Production Corp. v. Chesser, 5 Cir., 95 F.2d 521; Cincinnati, N. O. & T. P. Ry. Co. v. Thompson, 6 Cir., 236 F. 1, 7.

content to let the case rest upon plaintiff's evidence. It was not incumbent upon the plaintiff to prove what constituted reasonable means. It was only incumbent upon him to present the pertinent facts and place the situation before the jury. What constituted reasonable means under the circumstances was then a mixed question of fact and law for the determination of the jury under the instructions of the court.

Finally, counsel for the Construction Company contend that the evidence as to the extent of the injuries and the pain and agony suffered by Remer prior to his death was inadmissible, because the third cause of action was barred by the statute of limitations, and that such evidence so aroused the passion and prejudice of the jury that it returned an excessive verdict. The only witnesses who testified as to the extent of the injuries and the pain and anguish suffered by Remer were plaintiff and the attending physician. The facts with respect thereto were not dwelt on at length. Cumulative evidence thereof was not introduced and the record discloses no purpose to arouse the passion and sympathy of the jury. To justify setting aside a verdict upon the ground here asserted, it must clearly appear that the jury was affected by partiality, passion, or prejudice.[6] The proof showed that Remer was a young man 21 years of age, in good health, and strong physically. He was earning $3.50 per day. His earning capacity was, therefore, in excess of $900 per year. His life expectancy was 41-1/2 years. Assuming that he would be capable of working until he reached the age of fifty, he would earn in that period in excess of $26,000. We cannot say under the circumstances the verdict was excessive.

Furthermore, if the Construction Company was of the opinion that this evidence would result in prejudice to it, it could have requested a separate trial under Rule 42(b) of the Rules of Civil Procedure for the District Courts of the United States.[7] It failed to avail itself of that remedy.

The judgment is modified by striking therefrom the following: "upon its first cause of action in the sum of $20,000.00, upon its second cause of action in the sum of $224.00, and upon its third cause of action, nothing," and substituting therefor the following: "upon its first cause of action in the sum of $15,000.00, and that the second and third causes of action be dismissed with prejudice," and as so modified the judgment is affirmed.

The costs will be assessed against the Construction Company.

---

[6] Oklahoma Gas & Elec. Co. v. Oliphant, 172 Okl. 635, 45 P.2d 1077, 1083; Ponca City v. Reed, 115 Okl. 166, 242 P. 164, 166; Coner v. Chittenden, 116 Conn. 78, 163 A. 472.

[7] Rule 42(b) reads:
"The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim * * *."