GROLEAU *v.* HALLENBECK.

1. MASTER AND SERVANT—SAFE PLACE TO WORK—CONSTRUCTION OF BUILDING.

The doctrine that a master must furnish his servant a safe place in which to work has no application to a building in the course of construction.

2. SAME — CARPENTER — BUILDING CONSTRUCTION — NEGLIGENCE — DEBRIS ON SCAFFOLDING—OBVIOUS DANGER.

Plaintiff carpenter may not charge defendant owner of building who may have taken charge of construction of building with negligence for failing to keep scaffolding free of debris, where plaintiff knew of the condition of the scaffolding, the danger being apparent and obvious.

Appeal from Dickinson; Moynihan (Joseph A.), J., presiding. Submitted June 11, 1954. (Docket No. 50, Calendar No. 46,160.) Decided September 8, 1954.

Case by Eugene Groleau against Victoria Hallenbeck, individually and doing business as Hallenbeck Oil Company, for injuries sustained when he fell from scaffold. Verdict for plaintiff set aside and judgment notwithstanding verdict entered for defendant. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Master and Servant § 187.
[2] 35 Am Jur, Master and Servant § 255.
[2] Master's duty to guard against injury to servant engaged in construction work by articles in scrap and litter. 60 ALR 405.

*L. J. Archambeau,* for plaintiff.

*Edward L. Dundon,* for defendant.

Sharpe, J. Plaintiff, Eugene Groleau, a resident of Iron Mountain, Michigan, is a carpenter by trade. He was engaged by defendant, Victoria Hallenbeck, to do carpenter work on an addition to a gasoline station, and his work consisted of making frames and scaffolds on the job. The scaffold from which plaintiff fell had been built prior to his engagement by defendant, but he continued the scaffold to the end of the building, a distance of about 24 feet.

At about the hour of 4:15 p.m., on April 23, 1953, plaintiff climbed a ladder to the scaffold platform for the purpose of laying out work for the next day. The scaffold was 10 or 12 feet high and was about 40 inches wide. On the afternoon in question, plaintiff had been on the scaffold 8 or 10 times. On his trips to the scaffold plaintiff noticed chips from cement blocks on the floor of the scaffold. There were cement blocks on the floor of the scaffold close to the wall of the building. Plaintiff stepped upon these cement blocks to make some measurement, and while coming down he stepped on a small piece of cement and fell to the ground.

Plaintiff testified that defendant was working around the job "carrying the concrete up the ladder with a pail to the top of the scaffold." Plaintiff also testified that he called defendant's attention to the debris-littered place of work, including the platform, and her reply was "go ahead with your work."

The cause came on for trial, and at the close of plaintiff's case, defendant's counsel made a motion for a directed verdict for the reason that the safe-place doctrine does not apply to buildings which are under construction. The trial court took the mo-

tion under advisement and submitted the cause to the jury. The jury returned a verdict in favor of plaintiff. Subsequently, defendant made a motion to set aside the judgment notwithstanding the verdict for the following reasons:

"Plaintiff produced no proof of negligence of defendant.

"There was no proof that the place of work was not safe in fact; the safe-place doctrine does not apply to buildings under construction.

"An employer had no duty to furnish a safe place as against obvious dangers.

"There was no defect in the scaffold from which plaintiff fell; but if there was such a defect, the scaffold being a simple tool, there was no duty on defendant to inspect it or to warn plaintiff of danger."

On January 11, 1954, the trial court filed an opinion setting aside the verdict. Plaintiff appeals and urges that because the defendant had assumed personal direction of the work the "safe-place doctrine" has application. It is the rule that the safe-place doctrine has no application to the wrecking of old buildings. In *Reynolds* v. *Security Trust Company,* 246 Mich 670, 671, we said:

"In wrecking a building, the rule of safe place has no application."

It is also the rule that the safe-place doctrine has no application to a building in the course of construction, see *Risku* v. *Iron Cliffs Company,* 163 Mich 523.

In the case at bar plaintiff knew of the condition of blocks and chips on the platform. In *Nephew* v. *Whitehead,* 123 Mich 255, we held that the master was not negligent in failing to furnish a safe place against apparent and obvious dangers.

We conclude that under the facts in this case the trial court was right in granting defendant's motion. Affirmed, with costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.