ROYAL *v.* McNULTY

1. DISMISSAL AND NONSUIT—NEGLIGENCE—DUTY—OPENING STATE-
   MENT.
   Negligence action that charged general contractors with failing
   to use reasonable care in the conduct of their operations with
   the result that a scaffolding upon which an employee of a
   subcontractor was working tilted causing his injury was prop-
   erly dismissed, where the facts pleaded in all pleadings and
   in the plaintiffs' opening statement failed to describe any
   duty of care owed by defendants to plaintiffs.

2. NEGLIGENCE—BUILDING   CONSTRUCTION—DUTY—SAFE   PLACE   TO
   WORK.
   No duty exists on the part of a general contractor to provide
   a safe place upon which a subcontractor can erect his scaf-
   folding when buildings are under construction.

3. NEGLIGENCE—BUILDING   CONTRACTOR—SCAFFOLDING—DUTY OF IN-
   SPECTION—RIGHT TO CONTROL.
   A general contractor has no right to exercise control over scaf-
   folding erected by a subcontractor nor does he have a duty
   of inspecting scaffolding erected by a subcontractor.

Appeal from Oakland, Arthur E. Moore, J. Sub-
mitted Division 2 June 3, 1969, at Detroit. (Docket
No. 6,440.) Decided June 24, 1969. Leave to appeal
denied February 12, 1970. See 363 Mich 766.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 35 Am Jur, Master and Servant § 183 *et seq.*
   38 Am Jur, Negligence §§ 12–28, 85–91, 258 *et seq.*
[1, 2, 3] Applicability of res ipsa loquitur to injuries or death
   sustained by collapse, failure, or falling of scaffold.   22 ALR
   2d 1176.
What constitutes a "scaffold" within scaffold safety requirement
   statutes.   87 ALR2d 977.
[3] 38 Am Jur, Negligence §§ 86, 87.

Complaint by Ivan Royal and C. Joan Royal against Robert B. McNulty and Robert G. Gabriel for damages resulting from injuries sustained in a fall while on construction work. Action dismissed. Plaintiffs appeal. Affirmed.

*Robert W. Moss,* for plaintiffs. .

*Vandeveer, Doelle, Garzia, Tonkin & Kerr,* for defendants.

BEFORE: HOLBROOK, P. J., and McGREGOR and BRONSON, JJ.

PER CURIAM. Plaintiffs brought this civil action to recover for the alleged negligence of the defendants, charging that the defendants failed to use reasonable care in the conduct of their operations so that a scaffolding upon which the injured plaintiff, Ivan Royal, was working tilted, causing his injury.

At the conclusion of the plaintiffs' opening statement the defendants made a motion to dismiss. The plaintiffs then requested to amend their pleadings. This was allowed by the court and it was accomplished orally. The trial court ruled upon the motion to dismiss and held that as a matter of law the facts pleaded in the pleadings including the amendments subsequent to the opening statement and the plaintiffs' opening statement failed to describe any duty of care owed by defendants to the plaintiffs. This court agrees with that ruling:

There is no duty on the part of general contractors to provide a safe place upon which the subcontractor can erect his scaffolding when buildings are under construction. *Groleau* v. *Hallenbeck* (1954), 340 Mich 519. Since it was the subcontractor who erected the scaffolding, the general contractor had

no right to exercise control nor did he have a duty of inspection. *Munson* v. *Vane-Stecker Company* (1956), 347 Mich 377.

It also appears to this Court that bricklayers are sought out by a general contractor for their specific skills. It, therefore, is not reasonable to assume that the general contractor should be required to substitute its judgment for that of the plaintiff or his employer who hold themselves to be proficient in this area of construction. *Dees* v. *L. F. Largess Company* (1965), 1 Mich App 421.

Viewing the pleadings and opening statement in the light most favorable to the plaintiffs, this Court is constrained to hold that the judgment of the lower court was correct.

Affirmed. Costs to defendants.