McDONOUGH *v.* GENERAL MOTORS
CORPORATION

NEGLIGENCE — BUILDING CONSTRUCTION — OWNER — DUTY — MASTER AND SERVANT.

A property owner who contracts to have construction work performed on his property and who does not retain control over the methods and procedures of a subcontractor does not have an affirmative legal duty to protect an employee of the subcontractor from injury caused by the negligent use by the subcontractor of his equipment or improper condition of the subcontractor's equipment because a property owner is not required to substitute its judgment for that of the subcontractor or its employees who hold themselves to be proficient in construction.

REFERENCE FOR POINTS IN HEADNOTE
41 Am Jur 2d, Independent Contractors § 24 *et seq.*

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 October 12, 1970, at Detroit. (Docket No. 5,370.) Decided November 27, 1970. Leave to appeal granted May 7, 1971. 384 Mich 836.

Complaint by Joan Marie McDonough, administratrix of the estate of Michael McDonough, for wrongful death against General Motors Corporation. Christman Company and Paragon Bridge and Steel added as third-party defendants. Directed verdict for defendant General Motors. Plaintiff appeals. Affirmed.

*Philo, Maki, Ravitz, Glotta, Adelman, Cockrel & Robb,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock* (by *Charles T. McGorisk, Ross L. Malone* and *Otis M. Smith*) for defendant General Motors Corporation.

Before: J. H. GILLIS, P. J., and DANHOF and MAHINSKE,* JJ.

MAHINSKE, J. This appeal arises from the determination of the trial court during the course of trial that plaintiff had neither alleged nor proven a cause of action against General Motors.

Paragon Bridge and Steel Company held the steel fabrication subcontract in the construction of an addition to General Motors' Chevrolet assembly plant in Flint. Michael McDonough, plaintiff's decedent, was employed by Paragon on the project. On October 3, 1963, he was a member of Paragon's crew tying the boom of Paragon's stiff-legged derrick to a permanent truss in order to secure it for the night. The boom fell, apparently because its

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cable was not properly installed for the extended boom in use, and McDonough suffered serious injuries which resulted in his death.

McDonough's widow subsequently filed suit against General Motors as owner of the plant, alleging General Motors was negligent in failing to prevent the accident. General Motors moved for a summary judgment since as a matter of law it owed no affirmative duty to an employee of a subcontractor to protect him from injuries caused by negligent operation of the subcontractor's machinery by the employees of the subcontractor. The trial judge reserved decision on the motion. General Motors during trial moved for a directed verdict in its favor. After three weeks of testimony before a jury, the trial judge granted defendant's motion.

Although plaintiff raises many separate issues in her brief, the only issue warranting discussion, and dispositive of this appeal, is whether a property owner, who contracts to have construction work performed on his property and who does not retain control over the methods and procedures of a subcontractor; has an affirmative legal duty to protect an employee of the subcontractor from injury caused by the negligent use by the subcontractor or improper condition of the subcontractor's equipment.

The facts of this case are unconvincing for imposition of the duty as requested by plaintiff. The decisions in *Dees* v. *L. F. Largess Co.* (1965), 1 Mich App 421, and *Royal* v. *McNulty* (1969), 17 Mich App 713, *leave to appeal denied* (1970), 383 Mich 766, are controlling. General Motors is not required to substitute its judgment for that of the plaintiff's employer or its employees who hold themselves to be proficient in this area of construction.

*Vannoy* v. *City of Warren* (1968), 15 Mich App 158, relied upon by plaintiff, is not applicable. In *Vannoy* the plaintiff was injured because the premises on which he was working were inherently dangerous. The facts of this case indicate that the danger was of the independent contractor's own making.

Affirmed. Costs to appellee.

All concurred.