FECTEAU *v.* WOLCO HOMES, INC.

1. MOTIONS—SUMMARY JUDGMENT—SUPPORTING AFFIDAVITS.

Motions for summary judgment for failure to state a cause of action upon which relief can be granted need not be accompanied by supporting affidavit (GCR 1963, 117.2[1]).

2. MOTIONS—SUMMARY JUDGMENT—GROUNDS.

The combination of various grounds set out in the court rules as the basis for a motion for summary judgment is proper (GCR 1963, 117).

3. MOTIONS—SUMMARY JUDGMENT—GROUNDS.

A motion for summary judgment having as its stated ground failure to state a claim upon which relief can be granted and accompanied by an affidavit is not fatally deficient as a motion on the ground that there is no material issue of fact even though the motion does not specifically refer to the latter ground (GCR 1963, 117).

4. MOTIONS—SUMMARY JUDGMENT—GROUNDS—AFFIDAVITS.

The court may properly consider a supporting affidavit filed with a motion for summary judgment to determine whether there is a material issue of fact, even though the stated ground of the motion is failure to state a claim upon which relief can be granted, if the opposing party is not misled into believing that the motion challenges only the legal sufficiency of his pleadings, or if so misled, is given a reasonable opportunity to file opposing affidavits (GCR 1963, 117).

REFERENCES FOR POINTS IN HEADNOTES

[1–7] 41 Am Jur, Pleading §§ 340–343.
[8, 9] 13 Am Jur 2d, Building and Construction Contracts §§ 132, 135–137.
[10] 38 Am Jur, Negligence §§ 11, 12.

5. MOTIONS—SUMMARY JUDGMENT—PLAINTIFF'S BURDEN.

A plaintiff must establish that he has a *case on the law* and that there are some evidentiary proofs to support his allegations as to any material fact when properly challenged by a motion for summary judgment (GCR 1963, 117).

6. MOTIONS—SUMMARY JUDGMENT—AFFIDAVITS—KNOWLEDGE.

Affidavits supporting or opposing a motion for summary judgment must be based on personal knowledge and not merely information and belief (GCR 1963, 116.4).

7. PLEADING—SUFFICIENCY—CURE OF DEFECT.

An affidavit opposing defendant's motion for summary judgment which raises a question of fact does not cure a defect in the complaint attacked by the motion; the complaint must be amended to be cured (GCR 1963, 117).

8. NEGLIGENCE—GENERAL CONTRACTOR—DUTY—SAFE PLACE.

A general contractor is under no duty to a subcontractor to provide a safe place to work nor to warn of obvious and apparent conditions.

9. NEGLIGENCE—GENERAL CONTRACTOR—DUTY.

A general contractor is not required to substitute his judgment for that of a subcontractor who has held himself out as proficient in the skill for which he was hired with respect to working conditions for employees of the subcontractor.

10. NEGLIGENCE—LIABILITY.

There can be no actionable negligence where there is no legal duty owed to a plaintiff.

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 January 8, 1971, at Detroit. (Docket No. 9577.) Decided March 26, 1971. Rehearing denied April 26, 1971. Reversed by Supreme Court, 385 Mich 763.

Complaint by Elmar A. Fecteau, for himself and as next friend of Mark D. Fecteau, against Wolco Homes, Inc., for damages for personal injuries suffered by Mark Fecteau. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Lopatin, Miller, Bindes, Tanielian & Freedman* (*Michael H. Feiler,* of counsel), for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *Jeannette A. Paskin*), for defendant.

Before: R. B. BURNS, P. J., and J. H. GILLIS and DANHOF, JJ.

J. H. GILLIS, J. Plaintiff, an employee of a construction subcontractor, was injured January 23, 1969, while working on the residential construction project of defendant. Plaintiff's employer was hired by defendant to do rough carpentry work, *i.e.,* the building and raising into position of assembled sections of homes and garages.

On the date in question, it was sunny and moderately warm; the snow on the ground was melting; the terrain was muddy and wet. Plaintiff's foreman, a journeyman carpenter, called the work crew together to raise an assembled garage wall into place. Plaintiff was flanked on each side by another apprentice and a journeyman carpenter. The first effort to raise the assembled wall failed and it was lowered to the ground. On the second attempt, the wall fell and pinned plaintiff beneath. His injuries included fractured vertebrae and nerve damage.

Plaintiff, by his next friend, brought this action to recover for the alleged negligence of defendant. His complaint charged that defendant breached duties owed plaintiff, duties to provide him with a safe place to work and proper supervision. Defendant made a motion for summary judgment arguing that plaintiff had failed to state a cause of action upon which relief could be granted. GCR 1963, 117.2(1). The trial court heard oral argument on the motion and held, as a matter of law, that

the facts pleaded in plaintiff's complaint failed to describe any duty which defendant owed plaintiff and failed to raise a material issue of fact.

Plaintiff appeals, alleging that the trial court erred when it considered defendant's affidavit[1] in support of its motion for summary judgment. Plaintiff further alleges that his complaint did state a cause of action and did raise material issues of fact.

Motions for summary judgment for failure to state a cause of action upon which relief can be granted, GCR 1963, 117.2(1), need not be accompanied by supporting affidavits. However, the combination of subparts of the same court rule has been held proper. *Durant* v. *Stahlin* (1965), 375 Mich 628, 644. Further, although defendant did not specifically refer to GCR 1963, 117.2(3), this deficiency is not fatal. MCLA § 600.2315(3) (Stat Ann 1962 Rev § 27A.2315 [3]); *Retired Policemen & Firemen of the City of Lincoln Park* v. *City of Lincoln Park* (1967), 6 Mich App 372, 375; *Bloss* v. *Williams* (1968), 15 Mich App 228, 231.

This problem is discussed at 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1969 Cum Supp, at pp 53–54:

"A possible source of trouble exists when affidavits are filed supporting a motion grounded ostensibly upon sub-rules 117.2(1) and (2), but seeking judgment under 117.2(3). . . .

"However, in decisions under Rule 117, the Court has proceeded to an examination of the question of existence of a material issue of fact, where affidavits in support of the motion have been filed, although

---

[1] Defendant's vice-president filed an affidavit which outlined the terms of the contract between defendant and plaintiff's employer. By the terms of the contract, plaintiff's employer was responsible for the means, method and supervision of the work done. Defendant merely furnished plaintiff's employer with the specifications which were to be followed.

the motion read as one grounded upon failure to state a valid cause of action. *Durant* v. *Stahlin* (1964), 374 Mich 82 (rehearing denied); *Zimmerman* v. *Stahlin* (1964), 374 Mich 93; *Tripp* v. *Dzjwanoski* (1965), 375 Mich 619. To the extent that the party opposing the motion is not misled, and is prepared to show that a question of fact does exist, the hearing should proceed on that basis, to achieve the benefits intended by the integration of functions under Rule 117. If, however, the party opposing the motion is misled to believe that only a challenge to the legal sufficiency of his pleading is intended, it would be unjust to proceed under sub-rule 117.2(3), unless a reasonable opportunity is granted to file opposing affidavits. Whenever supporting affidavits are filed, the cautious course would be to meet them with opposing affidavits, as though the motion was under sub-rule 117.2(3), even though it appears to be addressed only to the legal sufficiency of the pleadings."

In this case it does not appear that plaintiff was misled. Plaintiff's counsel actively contested the merits of his complaint at the hearing on the motion. Plaintiff also filed an affidavit[2] in response to defendant's motion, indicating that he also expected to argue the motion on grounds other than GCR 1963, 117.2(1). Thus, the trial judge properly considered defendant's affidavit in support of its motion for summary judgment.

The Supreme Court, in *Durant* v. *Stahlin* (1965), 375 Mich 628, 638 noted the plaintiff's burden when faced with a defendant's motion for summary judgment:

---

[2] Plaintiff's affidavit was authored on the information and belief of plaintiff's attorney and thus did not comply with the requirements of GCR 1963, 116.4 and 117.2(3), that they shall be made on personal knowledge. The trial court properly excluded this affidavit.

"The basic rule in summary judgment matters is simple. Its application is often difficult. When properly challenged, *plaintiff must establish that he has a case on the law* and that there are some evidentiary proofs to support his allegations as to any material fact." (Emphasis supplied.)

It thus became incumbent upon plaintiffs to establish that they stated a claim upon which relief could be granted, and that they raised material issues of fact.

An examination of plaintiff's complaint reveals that no cause of action upon which relief could be granted is stated. Plaintiff's allegations stand upon the bare assertion that a general contractor owes a legal duty to the employee of a subcontractor. The only time plaintiff raises his allegation of ultra-hazardous activity is in his answer to defendant's motion for summary judgment. However, even if plaintiff were to have properly pleaded ultra-hazardous activity,[3] we agree with the trial court in concluding that the work engaged in by plaintiff here does not amount to such ultra-hazardous activity.

The muddy, wet and slippery terrain was obvious and apparent to all. It was a condition caused not by defendant, but by the natural process of a warming sun melting the winter snows. It could plainly be seen by all that one's footing would be unsure. Further, although plaintiff complains of a deficient work crew, he admitted that he had previously raised similar walls with less than a full complement:

"*Q.* Had you ever worked with one of your team

---

[3] Plaintiff's allegation of ultra-hazardous activity should have been added to his original complaint, GCR 1963, 117.3.

members being absent at any time during the six weeks you were there?

"*A.* Yes, sir.

"*Q.* Had you ever done this type of work before, attempting to secure these garage sidings with only five, as opposed to six?

"*A.* I wouldn't—you know, I couldn't say for sure. I believe so because apprentices have to go to school one day every two weeks. So naturally there would have to be somebody gone, you know."

The rule in Michigan is that a general contractor is under no duty to provide a safe place to work, *Royal* v. *McNulty* (1969), 17 Mich App 713, *leave denied* (1970), 383 Mich 766; *Groleau* v. *Hallenbeck* (1954), 340 Mich 519; nor to warn of obvious and apparent conditions, *Gowdy* v. *United States* (CA 6, 1969), 412 F2d 525, *cert den* (1969), 396 US 960 (90 S Ct 437, 24 L Ed 2d 425); *Fisher* v. *Johnson Milk Company, Inc.* (1970), 383 Mich 158; *Groleau* v. *Hallenbeck, supra; Nephew* v. *Whitehead* (1900), 123 Mich 255. Nor is it reasonable to assume that the general contractor should be required to substitute his judgment for that of plaintiff's employer who has held himself out as proficient in the skill for which he was hired. *Dees* v. *L. F. Largess Company* (1965), 1 Mich App 421; *McDonough* v. *General Motors Corporation* (1970), 28 Mich App 7. There can be no actionable negligence where there is no legal duty owed plaintiff. *Munson* v. *Vane-Stecker Company* (1956), 347 Mich 377; 6 Moore's Federal Practice, § 56.17[42].

We recognize the reluctance of our Courts to affirm summary judgments, especially in negligence cases. However, in the instant case, no question of fact has been presented in the pleadings which, even if it could be resolved in plaintiff's favor,

would entitle him to judgment against defendant. Consequently, this Court holds that the judgment of the lower court was correct.

Affirmed. Costs to defendant.

All concurred.